F I L E D
United States Court of Appeals
Tenth Circuit

FEB 1 2001

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

AUBRY VASHUN CLAYTON,

        Petitioner-Appellant,

v.

BOBBY BOONE, Warden;
Mack Alford Correctional Center;
ATTORNEY GENERAL OF THE
STATE OF OKLAHOMA,

        Respondents-Appellees.

No. 00-7036
(D.C. No. 98-CV-507-S)
(E.D. Okla.)

---

**ORDER AND JUDGMENT**   *

---

Before **TACHA** , Chief Judge,   **EBEL** , and **BRISCOE** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

\*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner Aubry Vashun Clayton, a state inmate, seeks a certificate of appealability (COA) to challenge a district court order denying his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. The district court denied his request for COA. We also deny Clayton's COA application and dismiss the appeal.

Clayton was convicted in Oklahoma of second degree murder in 1991 and sentenced to fifty years' imprisonment. He appealed, and his case was assigned to a three-judge panel of the Emergency Appellate Division of the Oklahoma Court of Criminal Appeals, selected from a pool of judges appointed by the Chief Justice of the Oklahoma Supreme Court. [1] The emergency panel affirmed his conviction and sentence. Petitioner claims his counsel did not inform him of the emergency panel's decision in time to permit an appeal to the Oklahoma Court of Criminal Appeals.

Clayton then filed an application for state post-conviction relief raising five issues, and requesting that he be allowed to file an out-of-time appeal from the emergency panel's decision. The state county court recommended that Clayton be allowed to file an out-of-time appeal, but denied all of his remaining claims for

---

[1]    The Oklahoma Court of Criminal Appeals has the power to assign certain cases to an emergency panel and to review the decision of an emergency panel upon the filing of a petition for review. Okla. Stat. tit. 20, §§ 60.1-60.5; *Jackson v. Freeman*, 905 P.2d 217, 219-22 (Okla. 1995).

post-conviction relief.  On appeal, the Oklahoma Court of Criminal Appeals affirmed the denial of his post-conviction claims for relief, but rejected Clayton's request to file an out-of-time appeal.  The court noted that petitions for review of an emergency panel's decision are granted in only very limited circumstances.  *See* Rule 12.10(B), Rules of the Oklahoma Court of Criminal Appeals, Okla. Stat. tit. 22, ch. 18, app.  Because Clayton did not contend that he met any of these criteria, the Oklahoma Court of Criminal Appeals held that he was not entitled to an out-of-time appeal from the emergency panel's decision.

Clayton then filed his § 2254 petition on October 23, 1998, asserting his constitutional due process and equal protection rights were violated because (1) his rights to a statutory appellate procedure were lost due to his appellate counsel's ineffectiveness and negligence; (2) Oklahoma did not provide him with a lawful direct appeal as guaranteed by the state constitution; (3) Oklahoma did not follow mandatory procedures for juvenile offenders who are charged with serious crimes as adults; (4) the state trial court admitted his allegedly coerced and involuntary confession into evidence at trial; (5) the trial court failed to instruct the jury on manslaughter in the first degree; (6) he had ineffective assistance of trial counsel; and (7) he had ineffective assistance of appellate counsel.

In detailed and well-reasoned findings and recommendations, the magistrate judge recommended that relief be denied and that Clayton's habeas petition be dismissed. The magistrate judge concluded that Clayton's constitutional rights had not been violated by his counsel's failure to file a petition for review of the emergency panel's decision because Clayton had not demonstrated his right under Oklahoma state law to such a discretionary appeal. He further concluded Clayton's claims concerning the appointment and composition of the emergency panel, the state's failure to provide notice of the information filed against him to his incarcerated father, the police questioning of him outside the presence of a parent or guardian, and the trial court's failure to instruct the jury on first degree manslaughter were issues of state law not cognizable in a § 2254 habeas petition. *See Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000). The magistrate judge also concluded that Clayton's involuntary confession claim was procedurally barred, and that Clayton failed to show prejudice with respect to his ineffective assistance of counsel claims.

After a *de novo* review, the district court adopted the magistrate judge's findings and recommendations, and dismissed the appeal. The district court also denied petitioner's application for a COA, required by 28 U.S.C. § 2253(c)(1)(A) for petitioner to appeal the denial of his § 2254 petition. Petitioner then filed

a notice of appeal, which we construe as a renewed application for COA in accordance with Fed. R. App. P. 22(b)(2).

In his brief supporting his application for COA, Clayton raises the same claims and reasserts the same arguments he made before the district court. With one minor exception, we find nothing to add to the magistrate judge's thorough report and recommendation. Clayton contends the magistrate judge and the district court failed to address his argument that the assignment of his appeal to the Emergency Appellate Division of the Oklahoma Court of Criminal Appeals, rather than to a regular panel of the court, two years after his conviction violates the *ex post facto* clause of the federal Constitution. Because review of his appeal by an emergency panel "neither made criminal a theretofore innocent act, nor aggravated a crime previously committed, nor provided greater punishment, nor changed the proof necessary to convict," the *ex post facto* clause is not implicated. *Dobbert v. Florida*, 432 U.S. 282, 293 (1977).

Upon review of Clayton's COA application, supporting brief and the record filed on appeal, we conclude for substantially the reasons stated in the magistrate judge's report and recommendation, that Clayton has failed to make a substantial showing of the denial of a constitutional right as required under 28 U.S.C. § 2253(c)(2) to obtain a COA. He has not demonstrated "that jurists of reason would find it debatable whether the district court was correct" in either its

substantive constitutional analysis or its procedural rulings.  *Slack v. McDaniel*,

529 U.S. 473, ___, 120 S. Ct. 1595, 1604 (2000).  We therefore DENY his

application for COA and DISMISS this appeal.


Entered for the Court


Deanell Reece Tacha
Chief Judge