**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 9 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

MICHAEL DALE PHILLIPS,

      Petitioner-Appellant,

v.

JAMES L. SAFFLE; OKLAHOMA
DEPARTMENT OF CORRECTIONS;
STATE OF OKLAHOMA,

      Respondents-Appellees.

No. 01-6082
(D.C. No. 00-CV-1214-C)
(W.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **EBEL**, **KELLY**, and **BRISCOE**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

*    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Michael Dale Phillips, an Oklahoma state prisoner appearing pro se, seeks a certificate of appealability to challenge the district court's dismissal of his habeas petition under 28 U.S.C. § 2241.[1]  He also renews his motion to proceed in forma pauperis.

The parties are familiar with the facts, so we need not repeat them here. We agree with the thorough and carefully reasoned report and recommendation prepared by the magistrate judge and adopted in full by the district court. Because petitioner has failed to make a substantial showing of the denial of a constitutional right, his request for a certificate of appealability is DENIED. This appeal is therefore DISMISSED.  Phillips's motion to proceed in forma pauperis is GRANTED.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge

---

[1]    Phillips brought his petition pursuant to 28 U.S.C. § 2254.  However, because he challenges the execution of his sentence rather than the validity of his conviction or sentence, the magistrate judge properly analyzed his claim under 28 U.S.C. § 2241.  Moreover, regardless of whether his petition is considered under § 2241 or § 2254, Phillips must be granted a certificate of appealability before we may consider his appeal on the merits. *See Montez v. McKinna*, 208 F.3d 862, 867-69 (10th Cir. 2000).