**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 28 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JOHN PAUL HANEY, JR.,

　　　Petitioner-Appellant,

v.

TULSA COUNTY DISTRICT
COURT, sued as Tulsa Co. Tulsa
Oklahoma State of Oklahoma,

　　　Respondent-Appellee.

No. 96-5246
(N. District of Oklahoma)
(D.C. No. 96-C-781-H)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, Chief Judge, **PORFILIO** and **MURPHY**, Circuit Judges.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner John P. Haney filed the instant habeas corpus petition pursuant to 28 U.S.C. § 2241(c)(3) on August 23, 1996.  Haney sought to attack felony charges that were presently pending against him in state district court.  Haney contended that the Tulsa Police Department violated his constitutional rights during an initial interrogation.  He further alleged that he was forced to provide samples of his hair and body fluids pursuant to a court order.  The district court dismissed the petition without prejudice on the grounds that Haney had not exhausted his state remedies.  *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991) (holding that a "state prisoner's federal petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims").  The district court also denied Haney's subsequent request for a certificate of appealability.[1]  *See* 28 U.S.C. § 2253 (providing that "an appeal may not be taken to the court of appeals from the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court" unless the petitioner first obtains a certificate of appealability).  Haney now requests a certificate of appealability from this court.

_____

[1]The district court did not deny Haney's request for a certificate of appealability on the merits but, instead, denied the request on the grounds that district courts are without subject matter jurisdiction to grant certificates of appealability.  After the district court's denial of the certificate of appealability, this court held that district courts do have the power to grant certificates of appealability, at least where detention complained of arises out of process issued by a state court.  *Houchin v. Zavaras*, 107 F.3d 1465, 1468-69 (10th Cir. 1997).

A habeas petitioner is entitled to a certificate of appealability only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This court has held that the Standard for granting a certificate of appealability under the § 2253(c) is the same standard set out by the Supreme Court in *Barefoot v. Estelle*, 463 U.S. 880 (1983). *Lennox v. Evans*, 87 F.3d 431, 434 (10th Cir. 1996), *cert. denied*, 117 S. Ct. 746 (1997), *overruled in part on other grounds by*, *Lindh v. Murphy*, 117 S. Ct. 2059 (1997). Under the *Barefoot* standard, a certificate of appealability will issue only where the petitioner has demonstrated the issues raised are (1) debatable among jurists of reason, (2) a court could resolve the issues differently, or (3) the questions presented are deserving of further proceedings. 463 U.S. at 893 n.4.

This court has reviewed the district court's order, Haney's brief and application for a certificate of appealability, and the entire record before us on appeal. In light of that review, we conclude that Haney has failed to make a "substantial showing of the denial of a constitutional right" for substantially the reasons set for in the district court's order dated October 8, 1996. In particular, we note that Haney never argues that his claims are indeed exhausted or that he is somehow excused from the exhaustion requirements. In fact, he simply ignores the issue and states in the most general and incomprehensible terms that the State of Oklahoma is violating his constitutional rights during the process of

investigating him as a criminal suspect.  Accordingly, this court **DENIES** Haney

a certificate of appealability and **DISMISSES** the appeal.

ENTERED FOR THE COURT:


Michael R. Murphy
Circuit Judge