**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 3 2000**

**PATRICK FISHER**
**Clerk**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

LORENZO MONTEZ,

     Petitioner-Appellant,

v.

MARK MCKINNA,

     Respondent-Appellee.

No. 99-1347

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**(D.C. No. 99-Z-923)**

---

Submitted on the briefs:

Lorenzo Montez, pro se.

---

Before **TACHA**, **McKAY**, and **MURPHY**, Circuit Judges.

---

**MURPHY**, Circuit Judge.

---

After examining petitioner Lorenzo Montez's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2);

10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

Proceeding *pro se*, Montez seeks to appeal the district court's denial of his habeas corpus petition.  Incarcerated in a private correctional facility in Colorado, Montez filed a petition for writ of habeas corpus under 28 U.S.C. § 2241.  In the petition, Montez claimed that his transfers from a Wyoming state-operated prison to a private Texas correctional facility and from the Texas facility to a private Colorado correctional facility violated the Western Interstate Corrections Compact, state laws, and numerous federal constitutional provisions and laws including the Extradition Clause, the Interstate Commerce Act, the Interstate Commerce Clause, the Supremacy Clause, and the Fifth and Fourteenth Amendments.[1]

The district court treated the petition as arising under 28 U.S.C. § 2254, determined that Montez had failed to exhaust state remedies, and dismissed the

---

[1]The respondent to this appeal, Mark McKinna, is warden of the private Crowley County Correctional Facility in Colorado where Montez is currently incarcerated.  This court assumes for purposes of resolving this appeal that McKinna is properly named as respondent and a Wyoming correctional official is not an indispensable party.  We need not definitively resolve these questions, however, because their resolution bears only on whether Montez's habeas petition stated a claim upon which relief could be granted; their resolution does not affect the jurisdiction of either this court or the district court.  *Cf. Thunder Basin Coal Co. v. Southwestern Pub. Serv. Co.*, 104 F.3d 1205, 1211 n.4 (10th Cir. 1997) ("The issue of indispensability under Rule 19(b) is not a jurisdictional question.").

claims on their merits pursuant to § 2254(b)(2). The court also denied Montez a certificate of appealability ("COA") and denied him leave to proceed on appeal *in forma pauperis*. Montez renews his application to proceed on appeal *in forma pauperis* and asks this court for a COA. He also requests a ruling on whether it is necessary for him to exhaust his state remedies and, if so, whether he may "do so without injury to his case."

As a threshold matter, the district court seemed to conclude that the action must be construed under § 2254 simply because Montez "is challenging his custody pursuant to the judgment of a state court." Although the typical route is generally § 2254, a state prisoner may bring a habeas action under § 2241 or § 2254. *See* 28 U.S.C. § 2241(c)(3), (d); *Cooper v. McKinna*, No. 99-1437, 2000 WL 123753, at *1 (10th Cir. Feb. 2, 2000) (unpublished disposition) (holding that petitioner challenging his transfer to a private out-of-state prison "properly filed his petition pursuant to § 2241"); *Ayala v. Department of Corrections*, No. 99-1401, 1999 WL 1020847, at *1 (10th Cir. Nov. 10, 1999) (unpublished disposition) (noting puzzlement at "district court's seeming conclusion that . . . petition must *ipso facto* arise under §2254 simply because [petitioner] is in state custody"); *Cooper v. Schear*, Nos. 98-1158, -1159, 1999 WL 14047, at *1 (10th Cir. Jan. 15, 1999) (unpublished disposition) (noting and implicitly approving fact that state prisoner was proceeding pursuant to both §§ 2241 and 2254); *cf. Jones*

*v. Cunningham*, 371 U.S. 236, 236, 241 (1963) (holding that state prisoner on parole was "in custody" and district court had jurisdiction over his habeas action under § 2241).

Nevertheless, it is difficult to tell whether the instant action is properly brought under § 2254 as a challenge to the validity of Montez's conviction and sentence or pursuant to § 2241 as an attack on the execution of his sentence. *See McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811-12 (10th Cir. 1997); *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). Analyzing whether a § 2241 petition brought by a federal prisoner was a civil action for purposes of the Prison Litigation Reform Act, this court stated in *McIntosh* that "[a] habeas corpus proceeding 'attacks the fact or duration of a prisoner's confinement and seeks the remedy of immediate release or a shortened period of confinement.'" 115 F.3d at 812 (citation omitted). Analytically, Montez's petition seems to be a hybrid. Montez attacks the execution of his sentence as it affects the fact or duration of his confinement in Colorado. Such an attack, focusing on where his sentence will be served, seems to fit better under the rubric of § 2241. Another component of the petition, which could conceivably come under § 2254, attacks the continued validity of his sentence imposed by Wyoming in light of the

allegedly unconstitutional transfers.[2] If construed as a § 2254 petition, the action should have been filed in the district in which Montez was convicted and sentenced, *i.e.*, the District of Wyoming, and the District Court for the District of Colorado would have no jurisdiction. If construed as a § 2241 petition, it was properly filed in the District of Colorado, the district in which Montez is confined. *See Bradshaw*, 86 F.3d at 166.

Mindful of these principles, and having reviewed Montez's application for a COA, his appellate brief, the district court's orders, and the entire record on appeal, this court treats the petition as one arising under § 2241. Although a remand to the district court for reconsideration of Montez's claims under § 2241 would generally be the appropriate course, several considerations counsel against such an approach in this case.

First, as noted by the district court, Montez's claims of state law violations are not cognizable in a federal habeas action. *See* 28 U.S.C. §§ 2241(c)(3), 2254(a). Furthermore, the claims asserted by Montez are without merit. This court has determined that "[n]either the United States Constitution nor any federal

---

[2]It is also conceivable that a prisoner could bring a civil rights action under 42 U.S.C. § 1983 challenging conditions of confinement occasioned by a transfer to a private correctional facility. *See Pischke v. Litscher*, 178 F.3d 497, 500 (7th Cir.) (holding that § 1983, not habeas corpus, is proper means for challenging constitutionality of state statute that authorizes transfer of state prisoners to private prisons in other states), *cert. denied*, 120 S. Ct. 380 (1999).

law prohibits the transfer of an inmate from one state to another." *Barr v. Soares*, No. 99-1003, 1999 WL 454364, at *1 (10th Cir. July 6, 1999) (unpublished disposition) (citing *Olim v. Wakinekona*, 461 U.S. 238, 245-48 (1983)). In *Barr*, which involved a challenge to the transfer of a prisoner between Colorado and Texas, we held that neither Colorado law nor the Western Interstate Corrections Compact, which authorized such a transfer, violated the petitioner's constitutional rights.[3] Similarly, Montez has not identified any federal law or statute that prohibits the transfer of an inmate from one state to a private facility in another state. In fact, as the district court explained, Wyoming and Colorado statutes specifically provide for such transfers. *See* Wyo. Stat. Ann. § 25-1-105(e); Colo. Rev. Stat. §§ 17-1-104.5, -105(1)(f). Moreover, there is no federal constitutional right to incarceration in any particular prison or portion of a prison. *See Twyman v. Crisp*, 584 F.2d 352, 355-56 (10th Cir. 1978) (citing *Meachum v. Fano*, 427 U.S. 215, 226-27 (1976)).[4] Finally, because the district court's determination that

---

[3]*Barr* is entirely consistent with our decision in *Frazier v. Dubois*, 922 F.2d 560 (10th Cir. 1990), which held that while a prisoner had no constitutional right not to be transferred, he did have a constitutional right not to be transferred in retaliation for the exercise of his First Amendment rights. *Id.* at 561-62. No such issue is raised here.

[4]The Seventh Circuit's recent decision in *Pischke*, dismissing claims brought by Wisconsin state prisoners challenging the state's authority to transfer them to private facilities, supports a conclusion that Montez's claims lack merit. We agree with the Seventh Circuit's reasoning that no provision of the Constitution would "be violated by the decision of a state to confine a convicted

(continued...)

Montez's claims are unsupported by the law is clearly correct, it would be a waste of judicial resources to remand this case to the district court.

A question concerning exhaustion remains. A habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991) (requiring state prisoner bringing federal habeas corpus action to show that he exhausted available state remedies); *see also Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992) (concerning a § 2254 petition); *Williams v. O'Brien*, 792 F.2d 986, 987 (10th Cir. 1986) (concerning a § 2241 petition). Montez asks this court to hold his "petition in abeyance while [he] exhausts his state remedies." This court recognizes that neither our case law nor the language of § 2241 settles whether a federal court may deny on the merits an unexhausted § 2241 petition as § 2254(b)(2) expressly permits. Nevertheless, because no credible federal constitutional claim is raised in Montez's petition, we conclude it is not

---

[4](...continued)
prisoner in a prison owned by a private firm rather than by a government," regardless of its location. *Pischke*, 178 F.3d at 500 (citing *Olim* and cases that assume the propriety of such confinement for the proposition that "[a] prisoner has a legally protected interest in the conduct of his keeper, but not in the keeper's identity"). Assuming that a private prison meets constitutional requirements for treatment of prisoners, a question not raised here, this court fails to see how confinement in a private prison, be it in the prisoner's home state or another state, is not confinement "within the normal limits or range of custody which the conviction has authorized the State to impose." *Meachum*, 427 U.S. at 225.

inconsistent with § 2241 or our habeas corpus precedent to follow the policy of § 2254(b)(2) in this case. Accordingly, the district court did not err in denying Montez's petition on the merits and this court denies, for those reasons set out above, his request to abate these proceedings while he exhausts his state remedies.

As a final matter, this court addresses Montez's request for a COA. Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a COA is needed to appeal either "the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court" or "the final order in a proceeding under section 2255." 28 U.S.C. § 2253(c)(1). While this court has held that a *federal* prisoner proceeding under § 2241 does not need a certificate of appealability to appeal a district court's denial of the petition, *see McIntosh*, 115 F.3d at 810 n.1 (citing *Bradshaw*, 86 F.3d at 165-66), it is not clear that the same is true of a *state* prisoner proceeding under § 2241.

Section 2253(c)(1)(A) is written broadly, mandating that a COA is required in appeals from final habeas corpus orders where "the detention complained of arises out of process issued by a State court." Unlike § 2253(c)(1)(B), which specifically states that a certificate of appealability is only required for challenges by federal prisoners under § 2255, § 2253(c)(1)(A)'s COA requirements are not restricted to challenges by state prisoners under § 2254. In addition, because the

cases holding that a COA is not required for § 2241 appeals involved federal prisoners, they do not control the disposition of this case.[5] *See, e.g.*, *Murphy v. United States*, 199 F.3d 599, 601 n.2 (2d Cir. 1999); *Sugarman v. Pitzer*, 170 F.3d 1145, 1146 (D.C. Cir. 1999); *Ojo v. INS*, 106 F.3d 680, 681 (5th Cir. 1997); *Bradshaw*, 86 F.3d at 166. Accordingly, consistent with the plain language of § 2253(c)(1)(A), this court holds that a state prisoner must obtain a COA to appeal the denial of a habeas petition, whether such petition was filed pursuant to § 2254 or § 2241, whenever "the detention complained of [in the petition] arises out of process issued by a State court." 28 U.S.C. § 2253(c)(1)(A); *see Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998) ("[Section] 2253 clearly does not encompass challenges to federal detention under § 2241. Just as clearly, however, § 2253 does encompass challenges to state detention under § 2241, since 'the detention complained of arises out of process issued by a State court.'").[6]

---

[5]While at least two unpublished orders and judgments by this court have noted that a certificate of appealability is not required for a state prisoner to appeal the denial of a petition brought pursuant to § 2241, none have discussed the particular requirements of § 2253 in relation to state prisoners and none are binding on this panel. *See Cooper v. McKinna*, No. 99-1437, 2000 WL 123753, at *1 n.1 (10th Cir. Feb. 2, 2000) (unpublished disposition); *Cooper v. Schear*, Nos. 98-1158, -1159, 1999 WL 14047, at *3 n.6 (10th Cir. Jan. 15, 1999) (unpublished disposition). *But see Haney v. Tulsa County Dist. Court*, No. 96-5246, 1997 WL 741159, at *1 (10th Cir. Nov. 28, 1997) (unpublished disposition) (denying certificate of appealability to state § 2241 prisoner and citing language of § 2253(c)(1)(A)).

[6]The dissent cites *Stringer* for the proposition that state prisoners

(continued...)

proceeding pursuant to § 2241 do not necessarily need to obtain a COA in order to appeal the denial of habeas relief. *See* Dissenting Op. at 4. In particular, the dissent would read *Stringer* as stating the following rule: a **federal** prisoner challenging a detainer lodged by a state agency need not obtain a COA in order to appeal the denial of habeas relief because the detention complained of does not arise out of process issued by a state court. *See id.* (citing *Stringer*, 161 F.3d at 261); *cf. id.* at 3 (asserting that a **state** prisoner challenging a detainer filed by a state agency must obtain a COA because the detention complained of does arise out of process issued by state court).

The rule hinted at in *Stringer* and advocated in the dissent is inconsistent with the Supreme Court's decision in *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484 (1973). In *Braden*, the Supreme Court held that a state prisoner wishing to challenge a detainer filed by a different state could file a habeas petition either in the current state of incarceration or in the state filing the detainer. *Id.* at 494-501. In so holding, the Court reiterated that "[t]he writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." *Id.* at 495-96 (citing *Wales v. Whitney*, 114 U.S. 564, 574 (1885)). Relating this ancient rule of law to the use of a habeas petition to challenge a detainer, the Supreme Court noted that critical developments in the Court's jurisprudence "enabled a petitioner held in one State to attack a detainer lodged against him by another State. In such a case, the State holding the prisoner in immediate confinement acts as agent for the demanding State, and the custodian State is presumably indifferent to the resolution of the prisoner's attack on the detainer." *Id.* at 498-99. In light of the Supreme Court's decision in *Braden*, several courts, including this court in an unpublished opinion, have held that a habeas petitioner challenging a detainer is in the custody of the state filing the detainer. *See, e.g.*, *Jones v. City of Jackson*, No. 98-60013, 2000 WL156093, at *3 (5th Cir. Feb. 14, 2000) (holding that in *Braden* "the Supreme Court concluded that a state placing a detainer on the petitioner who was incarcerated in another jurisdiction had "custody" of him for habeas corpus purposes"); *Higgins v. Rhode Island*, No. 98-1040, 1998 WL 1085812, at *1 (1st Cir. Oct. 8, 1998) (unpublished disposition) (citing *Braden* for proposition that habeas petitioner was "in custody" pursuant to the detainer); *Ball v. Scott*, No. 93-3345, 1994 WL 562023, at *1 (10th Cir. Oct. 13, 1994) (unpublished disposition ) ("The Court has found a prisoner serving a sentence in one state, against whom a detainer had been filed with his jailers by another state,

(continued...)

That conclusion does not, however, necessarily resolve the question of whether, under the particular facts of this case, Montez needs a COA in order to appeal the district court's denial of his habeas petition. This court recognizes that § 2253(c)(1)(A), like many of the provisions of the AEDPA, is not a model of clarity. *Cf. Lindh v. Murphy*, 521 U.S. 320, 336 (1997) ("[I]n a world of silk purses and pigs' ears, [AEDPA] is not a silk purse of the art of statutory drafting."). We are mindful that it is possible, by viewing § 2253(c)(1)(A) in isolation, to nitpick its text and assume that Montez does not need a COA because his challenge runs not to the fact of detention but, instead, to the execution of his state sentence. *See* 28 U.S.C. § 2253(c)(1)(A) (providing that a COA is necessary where "the detention complained of" arises out of process issued by a state

---

[6](...continued)
sufficiently 'in custody' pursuant to the detainer such that he could bring a habeas attack on the outstanding charge underlying the detainer.").

As *Braden* and the other cases cited above make clear, when a habeas petitioner challenges a detainer lodged by a state agency, that challenge is directed exclusively at the validity of the detainer itself; the current instance of detention is simply not implicated. *See Braden*, 410 U.S. at 498-99 (holding that custodian state is merely "indifferent" agent of demanding state). Accordingly, the key question is whether the detainer challenged arises out of process issued by state court; a petitioner's current place of detention is irrelevant. Thus, despite the dissent's assertion to the contrary, a federal prisoner seeking to challenge a detainer arising out of process issued by a state court must obtain a COA in order to appeal a district court order denying relief. Conversely, a state prisoner seeking to challenge a detainer filed by a federal agency does not need a COA to proceed on appeal. *See* 28 U.S.C. § 2253(c)(1).

court).[7]  Such a construction, however, ignores the important differences in the text between subsections (A) and (B) of § 2253(c)(1).

If Congress had intended to restrict the COA requirement to state prisoner petitions brought pursuant to § 2254, it would have employed exactly the same language that it chose with regard to federal prisoners in § 2253(c)(1)(B). Instead, it chose to use much broader language, mandating that state prisoners must obtain a COA whenever they are challenging any aspect of their detention; there is simply nothing in § 2253(c)(1)(A) limiting its COA requirements to challenges involving the fact of conviction.  *Compare* § 2253(c)(1)(A) (mandating that state prisoners obtain a COA anytime "the detention complained of arises out of process issued by a State court) *with* § 2253(c)(1)(B) (mandating that federal prisoners obtain a COA when those prisoners are appealing from "the final order

---

[7]So construed, a state habeas petitioner would only need to obtain a COA when he was complaining about the fact of detention (*i.e.*, all § 2254 petitions and a very narrow group of § 2241 petitions); he would never need a COA when he was complaining about the incidents or circumstances of incarceration (*i.e.*, the overwhelming majority of § 2241 petitions).  Thus, the functional result of such a construction is that § 2253(c)(1)(A) would only be applicable to § 2254 petitions and rarely applicable to § 2241 petitions. *See McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811-12 (10th Cir. 1997) (noting that a petition under § 2241 attacks the execution of a sentence, while a petition under § 2254 attacks the validity of a conviction or sentence).  In our view, such an approach impermissibly rewrites § 2253(c)(1), which actually requires a COA whenever "the detention complained of arises out of process issued by a State court," to read as follows: a COA is required whenever a habeas petition challenges "the **[fact of]** detention **[and the detention]** complained of arises out of process issued by a state court."

-12-

in a proceeding under section 2255"). Accordingly, this court reads § 2253(c)(1)(A) as applying whenever a state prisoner habeas petition relates to matters flowing from a state court detention order. This includes not only challenges to the validity of a state court conviction and sentence under § 2254, but also challenges related to the incidents and circumstances of any detention pursuant to state court process under § 2241. The more onerous burden on state prisoners is consistent with notions of comity and deference to state adjudicatory procedures embodied throughout the AEDPA and gives effect to the disparate language employed by Congress in § 2253(c)(1)(A) and (B). It is also consistent with the purpose of the AEDPA: "curbing the abuse of the statutory writ of habeas corpus." H.R. Conf. Rep. No. 104-518, at 111 (1996), *reprinted in* 1996 U.S.C.C.A.N. 924, 944. Finally, we note that the Seventh Circuit, albeit with little discussion, denied a COA and dismissed the appeal in a case factually indistinguishable from the case at hand. *See Pischke v. Litscher*, 178 F.3d 497, 501 (7th Cir.), *cert. denied*, 120 S. Ct. 380 (1999).

Montez is entitled to a COA only upon making a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Montez can make such a showing by demonstrating that the issues he seeks to raise on appeal are deserving of further proceedings, subject to a different resolution on appeal, or reasonably debatable among jurists of reason. *See Barefoot v. Estelle*, 463 U.S.

880, 893 n. 4 (1983). For those reasons set out above, Montez cannot satisfy that burden. Accordingly, this court **DENIES** Montez's request for a COA and **DISMISSES** this appeal. Montez's application to proceed on appeal *in forma pauperis* is **DENIED**.

No. 99-1347, MONTEZ v. MCKINNA

**McKAY**, Circuit Judge, concurring in part and dissenting in part:

I join the majority's opinion in all respects save the question concerning a certificate of appealability. While I agree that there are important differences in the text of subsections (A) and (B) of 28 U.S.C. § 2253(c)(1), I disagree with the court's sweeping interpretation of § 2253(c)(1)(A).

The practical (and admitted) effect of the majority's construction of § 2253(c)(1)(A) is that *all appeals* from habeas petitions brought by *state prisoners* require a COA. The majority reasons that the language of § 2253(c)(1)(A) providing that a COA is necessary where "the detention complained of arises out of process issued by a State court" applies to all state habeas petitions relating to "matters flowing from a state court detention order," including both "challenges to the validity of a state court conviction and sentence under § 2254 . . . [and] challenges related to the incidents and circumstances of any detention pursuant to state court process under § 2241." The majority claims that a different interpretation would mean that § 2253(c)(1)(A) would apply only to § 2254 petitions and rarely would apply to § 2241 petitions, a result that would be contrary to the intent of AEDPA. I am not persuaded by this reasoning.

First, if Congress had intended for all state habeas petitioners to obtain a COA, it simply would have stated in § 2253(c)(1)(A) that a COA is needed to

appeal a final order in any habeas corpus proceeding brought by a state prisoner. Instead, it chose to use language mandating that a state prisoner obtain a COA only when "the detention complained of arises out of *process issued by a State court*." 28 U.S.C. § 2253(c)(1)(A) (emphasis added). "Conspicuously absent from the statute is any mention of appeals in § 2241 proceedings." Ojo v. INS, 106 F.3d 680, 681 (5th Cir. 1997).

It is arguable that any habeas action brought by a state petitioner challenges detention arising out of process issued by a state court because a prisoner is incarcerated in the first place as a result of a state court judgement. This argument, however, ignores several important distinctions between § 2241 and § 2254 proceedings, including the nature of the complaint, where jurisdiction lies and who is named as respondent, and pre- versus post-judgment petitions. See, e.g., McIntosh v. United States Parole Comm'n, 115 F.3d 809, 811-12 (10th Cir. 1997) (noting that a § 2254 petition challenges the validity of a conviction or sentence while a § 2241 petition attacks the execution of a sentence); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996) (stating that a petition under § 2241 "must be filed in the district where the prisoner is confined"); Dickerson v. Louisiana, 816 F.2d 220, 224 (5th Cir. 1987) (noting that § 2254 "applies only to post-trial situations and affords relief to a petitioner 'in custody pursuant to judgment of a state court'" (quoting 28 U.S.C. § 2254)).

In addition, the majority's analysis overlooks the fact that not all § 2241 proceedings complain about the incidents or circumstances of incarceration. A state petitioner may properly bring a § 2241 proceeding challenging detention arising out of state court process, such as a whole host of pretrial petitions. See, e.g., Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 488-90, 498 (1973) (holding that Alabama prisoner under Kentucky indictment may file a habeas action under § 2241 seeking to enforce his constitutional right to a speedy trial); Higgins v. Rhode Island, 187 F.3d 622, 1998 WL 1085812, **1 (1st Cir. 1998) (noting that state prisoner may challenge detainer by bringing a pretrial habeas petition under § 2241, "which empowers a district court to issue a habeas writ before a judgment is rendered in a criminal proceeding"); Santamaria v. Horsley, 133 F.3d 1242, 1243 (9th Cir.) (reviewing pretrial habeas petition under § 2241(c)(3)), cert. denied, __ U.S. __ , 119 S. Ct. 68 (1998); Allen v. Robinson, 986 F.2d 1412, 1993 WL 46883 (4th Cir. 1993) (noting availability of pretrial habeas relief under § 2241); Palmer v. Clarke, 961 F.2d 771, 774 (8th Cir. 1992) (confirming that "federal district courts can entertain pretrial habeas petitions [under § 2241] in which the petitioner asserts [that] an impending state trial violates the Double Jeopardy Clause"); Dickerson, 816 F.2d at 224 (holding that inmate's pretrial habeas petition is properly brought under § 2241 because he is not in custody pursuant to judgment of a state court).

These cases showing § 2241's broader application are entirely consistent with the Fifth Circuit's decision in Stringer v. Williams, 161 F.3d 259, 262 (5th Cir. 1998), which the majority cites to support its analysis. In Stringer, a parole board revoked Mr. Stringer's parole after it found that he committed two of four offenses for which he was indicted. Mr. Stringer filed a § 2241 petition attacking the state's prosecution of him on those four offenses. The court explained that "[o]nly if [Mr. Stringer is being held as a pretrial detainee] would 'the detention complained of arise[] out of process issued by a State court.'" Id. at 261. The court then assumed that Mr. Stringer was a pretrial detainee and, on the basis of that assumption, held that he must obtain a COA to appeal the denial of his § 2241 petition. See id. at 262. This assumption was critical to the court's holding because as a pretrial detainee Mr. Stringer was challenging detention arising out of state court process, i.e., the indictment. If he were in custody pursuant to the revocation of parole, his detention would not arise out of state court process and no certificate of appealability would be required. See id. at 261-62 (indicating that petitioner's detention would arise out of process issued by a state court under § 2253 if he were a pretrial detainee but not if he were detained pursuant to the revocation of parole). Thus, the majority is correct in citing Stringer for that proposition that "§ 2253 does encompass challenges to state detention under § 2241," id. at 262, but that proposition is true *only where*

-4-

the detention at issue in a particular case arises out of *state court process*. In light of these considerations, I would hold that a state prisoner proceeding under § 2241 must obtain a certificate of appealability where "the detention complained of arises out of process issued by a State court." 28 U.S.C. § 2253(c)(1)(A). Such a holding demands that the court examine on a case-by-case basis whether the detention arises out of state court process, a result that does not contradict Congress' intent to curb abuse of habeas corpus relief. Under some circumstances, Congress can deny access to the courts. But where it has not explicitly done so, access to the courts is too precious for us to do it for Congress.

Because I disagree with the majority's construction of § 2253(c)(1)(A), I also disagree about the judgment in this case. It is not at all clear that the detention complained of by Mr. Montez arises out of process issued by a state court. Although he is in custody pursuant to a state court judgment, the particular detention Mr. Montez complains of in this habeas petition is his transfer from a state-operated prison to private correctional facilities. This decision was "issued" by a state department of corrections official or warden, not by any state *court* process. I therefore would hold that Mr. Montez does not need a certificate of appealability to appeal the district court's order in this habeas corpus proceeding because the detention complained of does not "arise[] out of process issued by a State court." Id. Accordingly, I would DENY the request for a certificate of

appealability as moot and AFFIRM the judgment of the district court denying

habeas corpus relief and dismissing the claims.