**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 20 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

LYNN S. PRIEST,

        Petitioner - Appellant,

v.

JOHN SUTHERS, Executive Director,
Colorado Department of Corrections;
KEN SALAZAR, the Attorney General
of the State of Colorado,

        Respondents - Appellees.

No. 02-1506
(D.C. No. 01-B-1208 (BNB))
(D. Colorado)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, **MURPHY**, and **O'BRIEN**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

This matter is before the court on Lynn Priest's *pro se* requests for a certificate of appealability ("COA") and to proceed on appeal *in forma pauperis*. Priest seeks a COA so that he can appeal the district court's denial of his 28 U.S.C. § 2241 habeas corpus petition. *See* 28 U.S.C. § 2253(c)(1)(A) (providing that no appeal may be taken from "the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court" unless the petitioner first obtains a COA); *Montez v. McKinna*, 208 F.3d 862, 867, 869 (10th Cir. 2000) (holding that § 2253(c)(1)(A)'s COA requirement applies to state prisoners proceeding under § 2241 when the petition relates to any of the "incidents and circumstances of any detention pursuant to state court process"). This court **grants** Priest's request to proceed *in forma pauperis*. Because he has not, however, "made a substantial showing of the denial of a constitutional right," this court **denies** his request for a COA and **dismisses** this appeal. 28 U.S.C. § 2253(c)(2).

Priest was convicted of first degree murder in Colorado state court in 1987 and sentenced to life imprisonment. He was also ordered to pay $1439 in costs and restitution. The order to pay costs and restitution remained delinquent until 2000, when the Colorado Legislature passed a statutory scheme to more effectively collect costs and restitution. When the Colorado Department of Corrections began collecting the delinquency out of Priest's inmate trust account,

Priest brought the instant § 2241 petition alleging as follows: (1) the Colorado scheme did not empower the Department of Corrections to collect court costs; and (2) if it did allow the collection of court costs, the application of the statutory scheme to him violated (a) the Ex Post Facto Clause, (b) the Double Jeopardy Clause, and (c) amounted to an unlawful bill of attainder.

The district court referred the matter to a magistrate judge for initial proceedings pursuant to 28 U.S.C. § 636(b)(1)(B). In a thorough report and recommendation, the magistrate judge recommended that Priest's § 2241 petition be denied. The district court undertook a detailed assessment of Colorado's statutory scheme and concluded that it did provide for the collection of both delinquent restitution orders and delinquent costs. The magistrate judge likewise rejected Priest's ex post facto, double jeopardy, and bill of attainder claims on the grounds that Colorado's statutory scheme was not punitive and did not alter the sentence originally imposed at the time of Priest's conviction. Instead, the magistrate judge concluded that the Restitution Act merely provided a mechanism to collect costs that were previously imposed as part of Priest's original sentence. Upon *de novo* review, the district court adopted the report and recommendation and denied Priest's petition.

To be entitled to a COA, Priest must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make the requisite

-3-

showing, Priest must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, No. 01-7662, 2003 WL 431659, at *10 (U.S. Feb. 25, 2003) (quotations omitted). In deciding whether Priest has carried his burden, this court undertakes "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his claims. *Id.* at *11. Although Priest need not demonstrate that his appeal will succeed to be entitled to a COA, he must "prove something more than the absence of frivolity or the existence of mere good faith." *Id.* at *10, *11.

Having undertaken a review of Priest's application for a COA and appellate brief, the magistrate judge's report and recommendation, the district court order, and the entire record on appeal pursuant to the framework set out by the Supreme Court in *Miller-El*, this court concludes that Priest is not entitled to a COA. The district court's resolution of Priest's claims is not reasonably subject to debate and the claims are not adequate to deserve further proceedings. Accordingly, this

court **DENIES** his request for a COA and **DISMISSES** this appeal.  Priest's

request to proceed *in forma pauperis* is **GRANTED**.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge