**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**June 29, 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

STACEY L. HEMPHILL,

      Petitioner - Appellant,

v.

JOHN WHETSEL,

      Respondent - Appellee.

No. 04-6346
(D.C. No. CIV-04-1112-F)
(W.D. Okla.)

**ORDER**

Before **EBEL**, **McKAY** and **HENRY**, Circuit Judges.

Stacey L. Hemphill ("Petitioner"), appearing pro se and in forma pauperis, is a pretrial detainee in the Oklahoma County Detention Center where he has been awaiting trial in three separate state criminal proceedings since January 25, 2004. On September 8, 2004, Petitioner filed a petition for writ of habeas corpus with the Federal District Court for the Western District of Oklahoma, alleging that he had unconstitutionally been deprived his right to counsel during the Oklahoma state court proceedings.[1] The district court, adopting a magistrate judge's report

---

[1] Although the original petition was brought under 28 U.S.C. § 2254, the district court correctly construed the petition as being brought under 28 U.S.C. § 2241(c)(3), which empowers district courts to issue a writ before judgment is rendered in a state criminal proceeding.

and recommendation, denied the petition based on the abstention doctrine of Younger v. Harris, 401 U.S. 37 (1971), which generally forbids federal courts from intervening into ongoing state court criminal proceedings. The district court then denied Petitioner's request for a Certificate of Appealability ("COA"). See Montez v. Montana, 208 F.3d 862, 867 (10th Cir. 2000) (requiring state prisoner to obtain a COA to appeal the denial of a habeas petition brought pursuant to 28 U.S.C. § 2241).

Petitioner now seeks a COA from this court. See Fed. R. App. P. 22(b)(1). To prevail, Petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). This is accomplished by establishing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 483-484 (2000) (quotations omitted).

Here, Petitioner's specific allegation is that he was forced to appear before the state courts on numerous occasions without the benefit of legal counsel.[2] As a

---

[2]On June 3, 2005, Petitioner submitted to this court a "writ of certiorari," which we construe as a renewed request for COA. While this document reiterates many of the arguments made in Petitioner's original application for COA, petitioner also raises several new grounds for granting COA which were not in his original application. Specifically, Petitioner alleges (1) ineffective assistance of counsel; (2) prosecutorial misconduct; and (3) a generalized due process

(continued...)

result, Petitioner argues that the Oklahoma state courts do not provide an adequate forum for litigating his constitutional rights and therefore that a Younger abstention is inappropriate. Our review of the record and the relevant state court docket sheets shows, however, that Petitioner has been represented by counsel each time he has appeared in state court. For substantially the reasons stated by the district court in its order denying the § 2241 petition, we **DENY** COA and **DISMISS** the appeal.[3]

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge

---

[2](...continued)
complaint against Oklahoma state-court judges. Because these grounds for COA were not raised in Petitioner's original application, we will not consider them. See State Farm Fire Ins. Co. v. Mhoon, 31 F.3d 979, 984 n.7 (10th Cir. 1994) (noting that failure to raise an issue in the opening brief waives that issue).

[3]Accordingly, Petitioner's pro se motion dated April 29, 2005, which we construe as a motion to supplement the record, is **DENIED** as moot.