UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

PREVIN D. JACKSON,

Plaintiff-Appellant,

v.

RON WARD; RANDALL
WORKMAN; CHARLIE ARNOLD;
CHARLES STEWART,

Defendants-Appellees.

No. 05-5004
(D.C. No. 03-CV-479-E(J))
(N.D. Okla.)

ORDER AND JUDGMENT[*]

Before **LUCERO**, **ANDERSON**, and **BRORBY**, Circuit Judges.


Previn D. Jackson, an inmate at the Oklahoma State Penitentiary ("OSP"),

appeals the district court's dismissal with prejudice of his pro se 42 U.S.C. § 1983

complaint for failure to state a claim. Because it would not necessarily be futile

---

[*]    The case is unanimously ordered submitted without oral argument pursuant
to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. The court generally disfavors the citation of orders and
judgments; nevertheless, an order and judgment may be cited under the terms and
conditions of 10th Cir. R. 36.3.

to allow Jackson to amend his complaint, we **REVERSE** and **REMAND** with directions to dismiss the petition without prejudice.

I

According to Jackson's complaint, a female prison guard at the Dick Conner Correctional Center ("DCCC"), found an unsigned letter on the floor of a control room. Because the letter was evidently from an inmate and expressed interest in pursuing a romantic relationship with her, she reported it to her supervisor. Charlie Arnold, DCCC Correctional Chief of Security, eventually received a copy of the guard's report. An investigation began and Jackson, as a suspect, was placed in segregated housing.

Arnold sent a memorandum to Charles Stewart, DCCC Disciplinary Chairman. Arnold reiterated the facts set forth in the guard's report and wrote "after comparing the handwriting of a 'Request to Staff' and the unsigned love letter, it is of my opinion that Previn Jackson . . . wrote both documents. It is also apparent by the letter inmate Jackson . . . had also been stalking [the guard]."

Jackson claims that he was ordered to sign transfer papers to OSP, a maximum-security prison. Jackson was eligible to be transferred to the maximum-security prison even before the stalking charge.

Stewart conducted a disciplinary hearing and found Jackson guilty of menacing/stalking. The punishment imposed was thirty days in segregated

housing and the loss of 200 earned good time credits. Jackson was transferred to OSP, where he remained in segregated housing. In total, Jackson spent thirty-six days in segregated housing.

Jackson appealed the disciplinary decision to the Director of Prisons. In a written decision, the director's designee, Melinda Guilfoyle, concluded that Jackson was not provided due process in the disciplinary hearing. She reversed the finding of guilt and remanded the case for a new investigation and a new hearing.

Several months later, Jackson had not heard about a new investigation or a new hearing. After an inquiry from Guilfoyle's office, defendant Randall Workman, DCCC Warden, notified Jackson that he was dismissing the charge because a rehearing had not occurred within ninety days as required by prison disciplinary rules. Jackson's earned good time credits were restored. Despite several requests to transfer back to a medium-security prison, Jackson remains at OSP.

Jackson filed a § 1983 complaint against Ron Ward, the Director of the Oklahoma Department of Corrections, Randall Workman, Charlie Arnold, and Charles Stewart, in their individual capacities, alleging violations of the Eighth and Fourteenth Amendments. He claims that his subsequent requests for a

transfer back to a medium-security prison were improperly denied, and that he should be compensated for the thirty-six days he spent in segregated housing.

The district court dismissed the complaint with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and Fed. R. Civ. P. 12(b)(6) for failure to state a claim on which relief may be granted.

## II

This court reviews a decision to dismiss for failure to state a claim de novo, and "[d]ismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." Gaines v. Stenseng, 292 F.3d 1222, 1224 (10th Cir. 2002) (quotation and citation omitted). In addition to construing a pro se complaint liberally, we "must accept the allegations of the complaint as true and construe those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff." Id. (citation omitted).

The district court concluded that the facts alleged in the complaint did not give rise to an Eighth Amendment claim because there were no allegations of cruel and unusual punishment. To prevail on such a claim, a plaintiff must allege facts which involve the wanton and unnecessary infliction of pain, punishment grossly disproportionate to the severity of the crime or that prison officials were

deliberately indifferent to his health or safety. See Rhodes v. Chapman, 452 U.S. 337, 347 (1981); Wilson v. Seiter, 501 U.S. 294, 297 (1991). The district court's decision on this issue was clearly correct; Jackson presents no such allegations.

The district court concluded that there was no due process violation because Jackson has no liberty interest in any particular classification, or assignment to a particular prison facility. As a proposition of law, this is correct. See Montez v. McKinna, 208 F.3d 862, 866 (10th Cir. 2000). The court's order, however, failed to discuss Jackson's allegation that the thirty-six days he spent in segregated housing for an infraction that was overturned on appeal violated the Fourteenth Amendment.

A prisoner is entitled to due process under the Fourteenth Amendment before being subjected to a disciplinary action that affect the duration of his sentence or conditions that "impose[] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). There is no claim that the disciplinary action at issue in this case affects the duration of Jackson's sentence. Jackson's complaint does not provide any specifics concerning the conditions of his confinement in segregated housing or anything about how his situation was atypical. However, it is not clear that it would be futile to give him an opportunity to amend; he may be able to allege facts that demonstrate that the length and the conditions of his stay in

segregated housing constituted an atypical and significant hardship. See Gaines, 292 F.3d at 1226 (allegations of excessive duration of seclusion in segregated housing sufficient to make dismissal on the pleadings improper); Perkins v. Kan. Dep't of Corr., 165 F.3d 803, 809 (10th Cir. 1999) (allegations of bad conditions in segregated housing sufficient to make dismissal on the pleadings improper).

This court expresses no opinion on the merits of Jackson's claims. The district court's order dismissing the complaint with prejudice is **REVERSED**, and this matter is **REMANDED** with instructions to dismiss the complaint without prejudice. Jackson has filed several motions to supplement his complaint with exhibits that were not before the district court, and a motion to add an additional defendant. This court **DENIES** the motions, without prejudice to raise them in the district court. Jackson is reminded of his continuing obligation to make partial payments until he has paid his filing fee in its entirety.

Entered for the Court

Carlos F. Lucero
Circuit Judge

-6-