FILED
United States Court of Appeals
Tenth Circuit

December 2, 2008

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

STEVEN A. GILKEY,

      Petitioner - Appellant,

v.

KANSAS PAROLE BOARD; LOUIS
E. BRUCE,

      Respondents - Appellees.

No. 08-3203
(D.C. No. 5:07-CV-03110-SAC)
(D. Kan.)

**ORDER**
**DENYING CERTIFICATE OF APPEALABILITY**

Before **TACHA**, **KELLY**, and **McCONNELL**, Circuit Judges.

Steven A. Gilkey, an inmate appearing pro se, seeks to appeal from the

district court's denial of his federal habeas petition, 28 U.S.C. § 2241.  Mr.

Gilkey challenged the Kansas Parole Board's (KPB) decision to deny him parole

and to delay further parole consideration for three years.  The district court also

dismissed other claims without prejudice.  He contends that the denial was based

on improper considerations: his history of substance abuse and his disability

which requires a back operation.  According to Mr. Gilkey, the denial violates his

rights under the Constitution and the Americans with Disabilities Act (ADA), 42

U.S.C. §§ 12101-12213.  Mr. Gilkey sought state habeas relief, which the state

courts denied. <u>Gilkey v. Kan. Parole Bd.</u>, 147 P.3d 1096 (Kan. Ct. App. 2006) (Table).

A challenge to the execution of a state sentence is considered under 28 U.S.C. § 2241. <u>See Montez v. McKinna</u>, 208 F.3d 862, 865 (10th Cir. 2000). Under § 2241, a writ of habeas corpus may extend to a prisoner "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). To appeal from the denial of the petition, Mr. Gilkey needs a certificate of appealability (COA). 28 U.S.C. § 2253(c)(1)(A). This requires that he make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). He must demonstrate that the issues raised are debatable among jurists, or that jurists could conclude that the questions deserve further proceedings. <u>Miller-El v. Cockrell</u>, 537 U.S 322, 327 (2003).

After considering the district court's resolution, and giving due deference to the state court's resolution of the federal constitutional claims, <u>Henderson v. Scott</u>, 260 F.3d 1213, 1215 (10th Cir. 2001), we conclude that the resolution of Mr. Gilkey's claims is not reasonably debatable. For substantially the reasons set forth in the district court's order, 1 R. Doc. 18,

We DENY a COA and DISMISS the appeal.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge