FILED
United States Court of Appeals
Tenth Circuit

February 22, 2023

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

MADYUN ABDULHASEEB,

    Petitioner - Appellant,

v.

WILLIAM "CHRIS" RANKINS, Acting
Warden,

    Respondent - Appellee.

No. 22-6152
(D.C. No. 5:22-CV-00252-HE)
(W.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **MORITZ**, **BRISCOE**, and **CARSON**, Circuit Judges.
_____

Madyun Abdulhaseeb, a state prisoner proceeding pro se,[1] seeks a certificate of

appealability (COA) to challenge the district court's order dismissing his 28 U.S.C.

§ 2241 petition on the merits. For the reasons explained below, we deny a COA and

dismiss this matter.

**Background**

Abdulhaseeb is serving a lengthy prison sentence following his 1981 Oklahoma

convictions for first-degree robbery after a felony conviction, second-degree burglary

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But it may be cited for its persuasive value. *See* Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

[1] We liberally construe Abdulhaseeb's pro se filings, "but we will not act as his advocate." *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).

after a felony conviction, and first-degree rape after two or more felony convictions.[2] As relevant here, he applied for parole two years ago under a 2018 Oklahoma statute addressing the parole of "aging prisoners." Okla. Stat. tit. 57, § 332.21(D). That statute generally empowers the Oklahoma Pardon and Parole Board to grant parole to individuals in state custody who are at least 60 years old, but not if they are in prison for certain enumerated crimes. *See id.* § 332.21(1), (4). The Board determined that Abdulhaseeb was in prison for such a crime, so it denied his application for parole without holding an in-person hearing.

In late 2021, Abdulhaseeb filed a § 2241 petition challenging the Board's denial of parole. In particular, he asserted that the Board's retroactive application of the 2018 parole statute contravened the Constitution's Ex Post Facto and Bill of Attainder Clauses. He later moved to supplement his petition to add another ex post facto claim based on the retroactive application of Oklahoma's 1997 Truth in Sentencing Act, the statute governing parole consideration. *See* Okla. Stat. tit. 57, § 332.7.

In early 2022, while his petition and motion remained pending, Abdulhaseeb brought another § 2241 petition, again alleging claims in connection with the Board's denial of parole. In the 2022 petition, he asserted two claims: (1) that Oklahoma's Truth in Sentencing Act violates the Ex Post Facto Clause as applied to him; and (2) that the Board violated the Bill of Attainder Clause when it denied his application for parole "by

---

[2] Abdulhaseeb was convicted under the name Jerry Thomas, but he changed his name to Madyun Abdulhaseeb in 1990. *See Abdulhaseeb v. Saffle*, 65 F. App'x 667, 672 (10th Cir. 2003).

designating [him] as violent and his crimes without a judicial trial as violent to inflict punishment to him that w[as] not before defined as violent." R. 9 (capitalization standardized).

Several months later, the magistrate judge assigned to review the 2021 petition recommended dismissing it for failure to state a valid claim (and in doing so, denied Abdulhaseeb's motion to supplement). And because the claims raised in the 2022 petition "overlap[ped] with and [were] encompassed by the claims raised in his [2021] petition," the magistrate judge screening the 2022 petition followed suit, recommending dismissal for the same reasons. *Id.* at 77. The district court adopted the two reports and recommendations over Abdulhaseeb's objections, dismissed both petitions on the merits, and declined to issue COAs.

Abdulhaseeb now seeks to appeal, but only from the dismissal of the 2022 petition.[3]

## Analysis

Abdulhaseeb requests a COA to challenge the district court's dismissal of the ex post facto claim raised in his 2022 petition.[4] *See* 28 U.S.C. § 2253(c)(1)(A); *Montez v. McKinna*, 208 F.3d 862, 867 (10th Cir. 2000) (applying § 2253(c)(1)(A)'s COA requirement to § 2241 petitions filed by state prisoners). To obtain a COA, he must make "a substantial showing of the denial of a constitutional right." *Montez*, 208 F.3d at 869

---

[3] Abdulhaseeb initially also sought to appeal from the district court's order dismissing his 2021 petition, but he has since voluntarily dismissed that appeal.

[4] Although Abdulhaseeb also raised a bill-of-attainder claim in his 2022 petition, he does not seek a COA to challenge the district court's rejection of that claim.

(quoting § 2253(c)(2)). When, as here, the district court rejects a petitioner's claim on the merits, we will grant a COA only if the petitioner shows "that reasonable jurists would find the district court's assessment of the constitutional claim[] debatable or wrong."[5] *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Abdulhaseeb specifically argues that reasonable jurists could debate the district court's resolution of his ex post facto claim.[6] The Ex Post Facto Clause "bar[s] enactments which, by retroactive operation, increase the punishment for a crime after its commission." *Garner v. Jones*, 529 U.S. 244, 249 (2000). A retroactively applied parole law violates this prohibition if it "creates a significant risk of prolonging [an individual's] incarceration" as compared to the parole law in effect when the individual committed their offense. *Id.* at 251. This risk may be facially apparent, or the individual may show "that its retroactive application will result in a longer period of incarceration than under the earlier [law]." *Id.* at 255. No ex post facto violation occurs, however, if the retroactively applied parole law creates only "'the most speculative and attenuated

---

[5] At times, Abdulhaseeb disputes whether the district court dismissed the 2022 petition on the merits, asserting that the district court instead dismissed it as duplicative of the 2021 petition. But the district court did not dismiss the 2022 petition as duplicative. Rather, after noting that the "grounds for relief" raised in the 2022 petition were "duplicative of" those raised in the 2021 petition, the district court dismissed the 2022 petition on the merits "[f]or the [same] reasons stated in [its] order" dismissing the 2021 petition on the merits. R. 103–04.

[6] We note that Abdulhaseeb did not advance this claim in state court. Individuals in state custody generally must exhaust any available state remedies before seeking federal habeas relief under § 2241. *Montez*, 208 F.3d at 866. But here, the district court addressed Abdulhaseeb's ex post facto claim on the merits without considering the exhaustion issue, and we do the same. *See id.* (noting that courts may deny § 2241 petitions and COA requests on the merits without considering exhaustion).

possibility' of increasing the measure of punishment." *Henderson v. Scott*, 260 F.3d 1213, 1216 (10th Cir. 2001) (quoting *Cal. Dep't of Corr. v. Morales*, 514 U.S. 499, 509 (1995)).

Abdulhaseeb asserts that the Truth in Sentencing Act and various other Oklahoma statutes that were not in effect at the time he committed his underlying crimes violate the Ex Post Facto Clause as applied to him. Because he brings an as-applied challenge, the controlling inquiry is whether retroactively applying those statutes creates a significant risk of lengthening Abdulhaseeb's incarceration. *See id.* Below, the district court rejected Abdulhaseeb's ex post facto claim because he advanced no reasonable argument that *any* of the challenged Oklahoma statutes produced more than a speculative risk that he would serve a longer sentence.

Before this court, Abdulhaseeb again fails to do so. For instance, Abdulhaseeb repeatedly states the Board retroactively designated his crimes as violent under two Oklahoma statutes that did not exist when he committed them. *See* Okla. Stat. tit. 57, § 571; Okla. Stat. tit. 21, § 13.1. But he fails to explain why such designation risks subjecting him to increased punishment. At best, he asserts that the designation makes him ineligible for parole under a 2012 amendment to the Oklahoma constitution authorizing the Board to grant nonviolent offenders parole without the Governor's approval. *See* Okla. Const. art. VI, § 10. But as the district court explained, when Abdulhaseeb committed his crimes, "the Board had no power to grant parole[] at all. All it could do was recommend parole to the Governor." *Abdulhaseeb v. Rankins*, No. CIV-21-1016, 2022 WL 3567183, at *2 (W.D. Okla. Aug. 18, 2022) (citing Okla. Stat. tit. 57,

§ 332.7 (1971)). And for violent offenders, that remains true today. *See* Okla. Const. art. VI, § 10; Okla. Stat. tit. 57, § 332.7. Abdulhaseeb therefore fails to show how retroactively designating his crimes as violent creates any risk of an increased prison term.

Notably, Abdulhaseeb's COA application does not meaningfully acknowledge or address the district court's reasons for rejecting his ex post facto claim. And even liberally construed, the remainder of Abdulhaseeb's COA application merely asserts in a conclusory fashion that a sufficient risk of increased punishment exists and that he has "a right to have his parole eligibility and suitability considered under the [Oklahoma] laws" in place at the time he committed his underlying crimes. Aplt. Br. 7 (capitalization standardized). Such speculation and conjecture are insufficient to invoke the Ex Post Facto Clause. *See Henderson*, 260 F.3d at 1216–17. Thus, Abdulhaseeb fails to show that reasonable jurists could debate the district court's rejection of his ex post facto claim.

### Conclusion

Because Abdulhaseeb fails to show that reasonable jurists would find the district court's assessment of his ex post facto claim debatable or wrong, we deny his request for a COA and dismiss this appeal.[7] *See Slack*, 529 U.S. at 484. But we grant Abdulhaseeb's

---

[7] As a result, and because it does not affect our subject-matter jurisdiction, we do not address Abdulhaseeb's argument that the district court should have named the Board, rather than the warden of the facility at which he is incarcerated, as the respondent. *See* 28 U.S.C. § 2242 (requiring § 2241 petitioner to name "the person who has custody over" petitioner as respondent).

motion to proceed in forma pauperis on appeal.

Entered for the Court


Nancy L. Moritz
Circuit Judge