**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 14, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

ANTHONY LEROY DAVIS,

　　Petitioner - Appellant,

v.

DANIEL L. SCHNURR, Warden,
Hutchinson Correctional Facility,

　　Respondent - Appellee.

No. 23-3255
(D.C. No. 5:23-CV-03222-JWL)
(D. Kan.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **EID**, **KELLY**, and **ROSSMAN**, Circuit Judges.
_____

　　Anthony Leroy Davis, a state inmate appearing pro se, seeks to appeal the district court's dismissal without prejudice of his petition for a writ of habeas corpus under 28 U.S.C. § 2241.  Mr. Davis sought to challenge a 2017 state court conviction for battery of a law enforcement officer for which he was sentenced to 65 months' imprisonment.  See State v. Davis, 449 P.3d 1232, at *2 (Kan. Ct. App. 2019).  The federal district court dismissed the petition for failure to state a claim given the type of relief requested.  Davis v. Schnurr, No. 23-3222, 2023 WL 8519080, at *2–3 (D. Kan. Nov. 17, 2023).

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

To appeal from the denial of a § 2241 petition, Mr. Davis must obtain a certificate of appealability demonstrating "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Montez v. McKinna, 208 F.3d 862, 867 (10th Cir. 2000). Where, as here, the district court denies a petition without reaching the merits of the constitutional claims, the petitioner must show "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). The district court correctly observed that Mr. Davis's challenge is to the validity of his conviction, not the execution of his sentence and as such is not cognizable under § 2241. Davis, 2023 WL 8519080, at *2. Moreover, Mr. Davis previously and unsuccessfully challenged this conviction under 28 U.S.C. § 2254 and we denied a COA. See Davis v. Schnurr, No. 22-3131, 2022 WL 17175571, at *1 (Nov. 23, 2022).

We DENY a COA, DENY IFP status, and DISMISS the appeal.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge