**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**September 20, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

LARRY PRICE,

      Petitioner-Appellant,

v.

CHARLES E. SIMMONS, Secretary of
Corrections,

      Respondent-Appellee.

No. 06-3083
(District of Kansas)
(D.C. No. 05-CV-3328-SAC)

**ORDER**

Before **MURPHY**, **SEYMOUR**, and **McCONNELL**, Circuit Judges.

This matter is before the court on Larry Price's *pro se* request for a

certificate of appealability ("COA"). Price also requests permission to proceed

on appeal *in forma pauperis*. Price, a state prisoner, seeks a COA so he can

appeal the district court's denial of his 28 U.S.C. § 2241 habeas corpus petition.

28 U.S.C. § 2253(c)(1)(A); *Montez v. McKinna*, 208 F.3d 862, 867 (10th Cir.

2000). Because Price has not "made a substantial showing of the denial of a

constitutional right," 28 U.S.C. § 2253(c)(2), this court **denies** his request for a

COA and **dismisses** this appeal. His request to proceed on appeal *in forma pauperis* is likewise **denied**.

Price is currently incarcerated in California state prison on a conviction of possession of cocaine base with intent to distribute. Kansas has lodged a detainer with California corrections officials, so that at the completion of his incarceration in California, Price will be returned to Kansas to face parole revocation proceedings. Price filed the instant § 2241 habeas petition in the United States District Court for the District of Kansas challenging the detainer.[1] In his § 2241 habeas petition, Price asserted he was entitled to a final hearing before the Kansas parole board on the validity and propriety of the revocation of his parole.

In response to Price's § 2241 habeas petition, the district court issued an order to show cause, directing Price to demonstrate he had exhausted his state-court remedies. *Montez*, 208 F.3d at 866 ("A habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254."). Price filed a response to the order to show cause demonstrating he had sought relief in Kansas state court. Those same filings further demonstrated, however, that Price failed to appeal the adverse decision of the state trial court. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999) (holding that exhaustion of

---

[1]Price properly brought his challenge to the detainer in Kansas and the district court had jurisdiction over the petition. *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 499-501 (1973); *Montez v. McKinna*, 208 F.3d 862, 867 n.6 (10th Cir. 2000).

state remedies requires a petitioner to properly present the same claims set out in the federal habeas petition to the highest state court on direct appeal or in a state post-conviction proceeding). Price sought to excuse his failure to comply with *O'Sullivan* by asserting he was led astray about his state remedies by the adverse ruling in the state trial court and by the arguments of the Kansas Assistant Attorney General before the state trial court.

The district court began by noting Price had not properly exhausted his state remedies because he failed to appeal the denial of his state petition for post-conviction relief. *See id.* The district court concluded Price could not use his belief that he would not prevail in the Kansas appellate courts as an excuse to avoid exhausting his state court remedies, as such a result would render *O'Sullivan* a dead letter. *See Rose v. Lundy*, 455 U.S. 509, 518 (1982) (noting that exhaustion requirement is an essential component of the doctrine of comity and judicial economy). The district court further concluded Price's failure to seek appellate review in state court constituted a procedural default of his claims. *O'Sullivan*, 526 U.S. at 848; *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991). Applying *Coleman*'s cause-and-prejudice test for overcoming procedural default, 501 U.S. at 750, the district court concluded Price could not demonstrate cause to overcome his procedural default because it was apparent from the record that Price simply chose not to pursue otherwise-available state court remedies. Accordingly, the district court denied Price's petition.

To be entitled to a COA, Price must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make the requisite showing, he must demonstrate "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quotations omitted). In evaluating whether Price has satisfied his burden, this court undertakes "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his claims. *Id.* at 338. Although Price need not demonstrate his appeal will succeed to be entitled to a COA, he must "prove something more than the absence of frivolity or the existence of mere good faith." *Id.*

Having undertaken a review of Price's application for a COA and appellate filings, the district court's order, and the entire record before this court pursuant to the framework set out by the Supreme Court in *Miller-El*, we conclude Price is not entitled to a COA. The district court's resolution of Price's § 2241 petition is not reasonably subject to debate and the issues he seeks to raise on appeal are not adequate to deserve further proceedings. Accordingly, this court **DENIES** Price's request for a COA and **DISMISSES** this appeal. Price's motion to proceed *in*

-4-

*forma pauperis* is likewise **DENIED**. Price is directed to remit the full amount of the appellate filing fee within twenty days.

Entered for the Court
ELISABETH A. SHUMAKER, Clerk


By
    Deputy Clerk
