**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**December 11, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

MICHAEL BOWER,

Petitioner-Appellant,

v.

JUSTIN JONES, Director, Oklahoma
Department of Corrections,

Respondent-Appellee.

No. 06-6183

(D.C. No. CIV-05-857-F)
(W. D. Okla.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **HENRY, BRISCOE,** and **O'BRIEN**, Circuit Judges.

Michael Bower, an Oklahoma state prisoner appearing pro se, seeks a certificate of

appealability (COA) in order to challenge the district court's denial of his 28 U.S.C. § 2241

petition for federal habeas relief. Because Bower has failed to satisfy the standards for the

issuance of a COA, we deny his request and dismiss the matter.

I.

On December 9, 2004, officials at the Great Plains Correctional Facility (GPCF) in

Hinton, Oklahoma, discovered evidence indicating that Bower, an inmate at GPCF, was

---

[*]This order is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 (eff. Dec. 1, 2006) and 10th Cir. R. 32.1 (eff. Jan. 1, 2007).

attempting to smuggle drugs into the facility. On December 17, 2004, prison officials provided Bower with a copy of a "Department of Corrections Offense Report" charging him with "Law Violation (Conspiracy to Introduce Contraband into a Penal Institution)." ROA, Doc. 24, Exh. 2 at 1. The offense report indicated that the charge was based upon a "Copy of [a] Map" discovered by officials, as well as "Confidential Information." Id. At the time he received the offense report, Bower was informed of his right to, and in turn specifically requested, an impartial hearing on the charge. Id.

Bower denied the charge set forth in the offense report and requested that the prison investigator speak with two witnesses. Id. at 2. The investigator complied with Bower's request and obtained written statements from the two witnesses. Id. at 2, 5, 6.

On December 23, 2004, a hearing was held on the charge before a disciplinary officer. Id. at 9. At the conclusion of the hearing, the disciplinary officer found Bower guilty as charged. Id. According to the disciplinary officer's written report, the finding of guilt was based upon "the reliability of the confidential statement" and "the evidence of the drawn map" indicating where the contraband was to be placed. Id. The disciplinary officer further stated in the report that the "[r]eporting officer ha[d] nothing to gain or profit from lying" about the charge. Id. Based upon the finding of guilt, the disciplinary officer ordered that Bower be placed in disciplinary segregation for thirty days, that 365 days worth of earned credits be deducted, and that Bower be assigned to class-level-one status for a period of ninety days, making him ineligible during that time to earn credits towards his sentence. Bower's disciplinary conviction was subsequently affirmed during the administrative appeal

2

process.

On July 28, 2005, Bower filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 alleging that the prison disciplinary proceedings violated his due process rights. In particular, Bower alleged that (1) the offense report failed to provide him with a description of each of the elements of the charge, (2) he was not provided with pre-hearing access to the confidential information ultimately relied upon by the disciplinary officer, (3) the investigator failed to obtain written statements from the defense witnesses identified by Bower, (4) confidential information was presented during the disciplinary hearing, even though the investigator's written report indicated that there was no such evidence, (5) there was no evidence from which the disciplinary officer could conclude the confidential information was reliable, and (6) the evidence was insufficient to support his conviction.

On March 20, 2006, the magistrate judge assigned to the case issued a report and recommendation concluding that Bower's request for federal habeas relief should be denied. ROA, Doc. 46. In doing so, the magistrate judge considered and rejected each of the specific due process claims asserted by Bower. Although Bower filed written objections to the report and recommendation, he specifically objected only to the magistrate judge's proposed resolution of his claims that (1) he was not provided with pre-hearing notice of the elements of the charge against him, and (2) he was not provided with a pre-hearing copy of the confidential information that was ultimately relied upon by the disciplinary officer. On May 16, 2006, the district court issued an order adopting the magistrate judge's recommendation and denying Bower's petition on the merits. The district court subsequently denied Bower's

3

request for a COA. Bower has since filed an application for COA with this court.

II.

Before a state prisoner may appeal from the final order in a § 2241 habeas corpus proceeding, he must obtain a COA. 28 U.S.C. § 2253(c)(1)(A); Montez v. McKinna, 208 F.3d 862, 867-69 (10th Cir. 2000). A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order to make that showing, a prisoner must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

"Prison disciplinary proceedings are not part of a criminal prosecution, and the fully panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. 539, 556 (1974). To satisfy due process in a prison disciplinary proceeding, "the inmate must receive: (1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action." Superintendent, Mass. Corr. Inst., Walpole v. Hill, 472 U.S. 445, 454 (1985). Further, there must be "some evidence in the record" supporting the charge. Id.

After reviewing the record on appeal, it is apparent that these minimal procedural requirements were satisfied in Bower's case. As for the specific objections Bower asserted

4

below, we conclude there is no merit to his assertion that prison officials were required to provide him with notice of the elements of the charge against him. Rather, we agree with the district court and magistrate judge that the offense report, by specifying the offense code he was charged under and including a brief description of the charge, provided Bower with sufficient notice to allow him to defend himself at the disciplinary hearing. See Whitford v. Boglino, 63 F.3d 527, 534 (7th Cir. 1995) (reaching similar conclusion). Further, we agree with the district court and magistrate judge that Bower was not entitled to an advance copy of the confidential information ultimately relied upon by the disciplinary officer. See Hudson v. Hedgepeth, 92 F.3d 748, 751 (8th Cir. 1996) (noting that prison officials may properly withhold confidential information from a prisoner charged with a disciplinary infraction in order to preserve institutional safety and protect the identity of the confidential informant). Thus, we conclude that Bower has failed to establish his entitlement to a COA.

The request for a COA is DENIED and the matter is DISMISSED.

Entered for the Court


Mary Beck Briscoe
Circuit Judge