**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**July 3, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

CRAIG M BRYANT,

        Petitioner-Appellant,

v.

STATE OF KANSAS; PAUL
MORRISON,* Attorney General of
Kansas,

        Respondents-Appellees.

No. 07-3028

(D.C. No. 06-CV-3331-SAC)

(D. Kan.)

**ORDER**

Before **BRISCOE**, **McKAY**, and **McCONNELL**, Circuit Judges.

In this pro se § 2254 appeal, Petitioner challenges his state court conviction on three counts of first-degree murder. The district court initially determined that the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1) had expired and ordered Petitioner to show cause why his request for habeas relief should not be dismissed on that ground.

---

   * On January 8, 2007, Paul Morrison became the Attorney General for the State of Kansas. In accordance with Rule 43(c)(2) of the Federal Rules of Appellate Procedure 43(c)(2), Mr. Morrison is substituted for Phill Kline as a Respondent in this case.

   ** This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

In response, Petitioner argued that because the Kansas state courts entertained his post-conviction motion for relief under Kansas Statute § 60-1507(f)(2), which extends the State's one-year time limitation for state habeas relief where necessary "to prevent a manifest injustice," the federal courts should similarly apply § 2244(d)(1) in order to "harmonize" the two statutes of limitations.[1] Petitioner also argued that his post-conviction discovery motion should have tolled the ninety-day period for seeking certiorari from the United States Supreme Court even though final judgment was entered by the Kansas Supreme Court. The district court rejected both these arguments and denied Petitioner's habeas motion as well as his motion for a certificate of appealability.

Petitioner must obtain a certificate of appealability in order to challenge the district court's denial of his habeas petition. *See Montez v. McKinna*, 208 F.3d 862, 867 (10th Cir. 2000). To obtain a certificate of appealability, Petitioner must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). In order to meet this burden, Petitioner must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotation omitted).

Petitioner makes no argument on appeal as to why the district court's denial

---

[1] The state district court denied the motion, and the state court of appeals affirmed the denial.

for statute of limitations reasons is incorrect. Nor do we believe that it is. Petitioner's murder convictions became final in June 2002. He did not file this § 2254 appeal until well after the one-year limitations period of § 2244(d)(1) had passed. In addition, because he did not file his § 60-1507(f)(2) motion until August 2003, also after expiration of the time limits set by § 2244(d)(1), that filing had no tolling effect. *See Fisher v. Gibson*, 262 F.3d 1135, 1142-43 (10th Cir. 2001). Further, Supreme Court Rule 13(d) makes no provision for tolling the ninety-day filing period because of discovery motions filed after final judgment has been entered.

We have carefully reviewed Petitioner's brief, the prior state and federal judicial decisions pertaining to Defendant's conviction, and the record on appeal. Nothing in these materials or Petitioner's filing raises an issue which meets our standard for the grant of a certificate of appealability. Therefore, we **DENY** Petitioner's request for a certificate of appealability and **DISMISS** the appeal.

Entered for the Court

Monroe G. McKay
Circuit Judge