FILED
United States Court of Appeals
Tenth Circuit

May 1, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

PATRICK JOSEPH TERRY,

      Petitioner-Appellant,

v.

JUSTIN JONES, Director,

      Respondent-Appellee.

No. 08-6227

(D.C. No. 08-CV-069-F)
(W. D. Okla.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **KELLY, ANDERSON,** and **BRISCOE**, Circuit Judges.

Patrick Terry, an Oklahoma state prisoner appearing pro se, seeks a

certificate of appealability (COA) in order to challenge the district court's denial

of his 28 U.S.C. § 2241 application for federal habeas relief.  Because Terry has

failed to satisfy the standards for the issuance of a COA, we deny his request and

dismiss the matter.

I

On March 10, 2007, a nurse at the Northeast Oklahoma Correctional Center

allegedly observed Terry "cheeking" (i.e., hiding in his cheek rather than

---

[*] This order is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel.

swallowing) two prescription pills she had administered to him. That observation led to a disciplinary charge being filed against Terry. Terry was subsequently found guilty of the charged infraction and sanctioned, in part, with the revocation of 120 days of earned credits. Terry administratively appealed the disposition, to no avail, through the channels provided by the Oklahoma Department of Corrections.

Terry then initiated this action by filing a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Terry's petition alleged three grounds for relief: (1) he was not permitted the opportunity to present relevant witness statements in defending against the disciplinary charge; (2) he was, for several reasons,[1] deprived of a fair disciplinary hearing; and (3) the evidence presented at the disciplinary hearing was insufficient to support his conviction. Terry's petition also expressly stated that he had not sought relief in the Oklahoma state courts "because there [wa]s no adequate remedy available to an Oklahoma State Prisoner seeking review of an adverse disciplinary conviction . . . ." ROA, Doc. 1 at 3.

The magistrate judge assigned to the case, after conducting an initial

---

[1] Terry's petition specifically alleged that: (1) there was no adequate written statement of the evidence utilized for the determination of guilt; (2) Terry was not provided a hearing officer with no direct involvement; (3) the hearing officer deemed the lack of witness statements "irrelevant"; (4) the one-person disciplinary committee was repugnant to the principles of due process; (5) the hearing officer was unduly prejudiced; and (6) Terry was deprived of a staff representative to assist him at the hearing.

2

review of the petition, issued an order directing Terry to show cause "why his Petition should not be summarily dismissed on grounds that the Petition contain[ed] unexhausted claims which [we]re subject to procedural default." Id., Doc. 8 at 3. In his response to that order, Terry again conceded that he had not sought relief in the Oklahoma state courts prior to filing his federal habeas petition, but argued that doing so "would have been futile and [thus] should be excused . . . ." Id., Doc. 11 at 2.

The magistrate judge, after reviewing Terry's response, issued a report and recommendation that Terry's petition be dismissed with prejudice. In support of this recommendation, the magistrate judge noted that (a) Tenth Circuit precedent requires state prisoners seeking federal habeas relief pursuant to § 2241 to first exhaust available state remedies, (b) Oklahoma has in place a statutory scheme that provides for state judicial review of prison disciplinary proceedings involving the revocation of earned credits, (c) Terry had admittedly failed to seek state judicial review of his disciplinary conviction, (d) any attempt by Terry to return to state court to exhaust his state court remedies would be untimely, since a petition for state court review of a disciplinary conviction had to be filed within ninety days of Terry's receipt of the final decision, and (e) Terry had failed to show cause for the procedural default. The district court subsequently adopted the magistrate's report and recommendation and dismissed Terry's petition with prejudice.

3

Terry filed a timely notice of appeal. The district court construed Terry's notice of appeal as a request for COA and denied that request. The district court also denied Terry's request for leave to proceed on appeal in forma pauperis (IFP). Terry has now renewed both of these requests with this court.

II

Issuance of a COA is jurisdictional. Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). In other words, a state prisoner may appeal from the denial of federal habeas relief under 28 U.S.C. § 2241 only if the district court or this court first issues a COA. 28 U.S.C. § 2253(c)(1)(A); see Montez v. McKinna, 208 F.3d 862, 867 (10th Cir. 2000) (holding "that a state prisoner must obtain a COA to appeal the denial of a habeas petition, whether such petition was filed pursuant to § 2254 or § 2241"). A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order to make that showing, a prisoner must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). If the district court denied the "habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," the prisoner must also, in order to obtain a COA, demonstrate "that jurists of reason would find it debatable whether the petition

4

states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

"Congress has emphatically directed us that habeas petitioners seeking relief in federal court must first exhaust all available state court remedies–that is, unless doing so would be futile because of 'an absence of available State corrective process' or because 'circumstances exist that render such process ineffective to protect the rights of the applicant.'" Magar v. Parker, 490 F.3d 816, 818 (10th Cir. 2007) (quoting 28 U.S.C. § 2254(b)(1)). Prior to May 2005, "Oklahoma law did not afford inmates any means for seeking state court review of prison disciplinary proceedings involving the revocation of earned good behavior credits in circumstances like those now before us." Id. "On May 10, 2005," however, "Oklahoma began affording judicial review of prison disciplinary proceedings that involve the revocation of earned good behavior credits." Id. (citing Okla. Stat. Ann. tit. 57, § 564.1 (West 2007)). Such state court review is initiated by an inmate "petition[ing] [the] state courts for review within 90 days after the inmate is notified of [the Oklahoma Department of Corrections'] final decision." Id. at 819. The reviewing state courts are, in turn, expressly charged by statute with "determin[ing] whether due process was afforded to the inmate by state prison officials, including whether the inmate was provided an opportunity to present relevant documentary evidence or call

5

witnesses, and whether any evidence existed in the record to support the finding of guilt." Id. at 818-19.

After reviewing the materials submitted by Terry, we conclude he "has not identified any way in which this [statutory scheme] would have been, if invoked, ineffective to protect his rights." Id. at 819. Instead, we conclude that "each of the putative errors cited in his petition involve the denial of procedural due process, . . . and could [have been] remedied by an order commanding [the Oklahoma Department of Corrections] to afford [him] with additional process." Id. Thus, we fully agree with the district court that Terry failed to exhaust available state remedies before initiating these federal habeas proceedings.

We also agree with the district court that any attempt by Terry to now seek state court review of his disciplinary conviction would be time-barred, and that, consequently, he is procedurally barred from seeking federal habeas review. See id. ("The Supreme Court has explained that if state court remedies are no longer available because the prisoner failed to comply with the deadline for seeking review, the prisoner's procedural default functions as a bar to federal habeas review."). Lastly, we agree with the district court that Terry has failed to demonstrate cause for the procedural default. Accordingly, we conclude that Terry has failed to demonstrate that jurists of reason would find it debatable whether the district court was correct in dismissing, on procedural grounds, Terry's federal habeas petition.

6

The request for a COA is DENIED and the appeal is DISMISSED. Terry's motion for leave to proceed IFP on appeal is DENIED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge