FILED
United States Court of Appeals
Tenth Circuit

December 6, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

QUINN AARON KLEIN,

        Petitioner - Appellant,

v.

JUSTIN JONES, Director,

        Respondent - Appellee.

No. 10-6142
(W.D. Oklahoma)
(D.C. No. 5:09-CV-00312-F)

**ORDER DENYING CERTIFICATE
OF APPEALABILITY**

Before **MURPHY**, **GORSUCH,** and **HOLMES**, Circuit Judges.

Quinn Aaron Klein, a state prisoner appearing *pro se*, seeks to appeal the

district court's denial of his 28 U.S.C. § 2241 petition. The matter is before this

court on Klein's request for a certificate of appealability ("COA"). *See*

28 U.S.C. § 2253(c)(1)(A) (providing no appeal may be taken from a "final order

in a habeas corpus proceeding in which the detention complained of arises out of

process issued by a State court" unless the petitioner first obtains a COA); *Montez*

*v. McKinna*, 208 F.3d 862, 869 (10th Cir. 2000) (holding that § 2253(c)(1)(A)'s

requirements apply when a state habeas petitioner is proceeding under § 2241).

Because Klein has not made a "substantial showing of the denial of a

constitutional right," this court **denies** his request for a COA and dismisses this

appeal. 28 U.S.C. § 2253(c)(2) (providing that a COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right").[1]

In his § 2241 petition, Klein challenges the order of an Oklahoma state court revoking a portion of his suspended sentence and ordering him to serve a term of four years and six months' imprisonment. In particular, Klein asserts: (1) the state court illegally revoked his suspended sentence after that sentence had already expired; (2) the prosecutor engaged in misconduct in the time period between the revocation of Klein's suspended sentence and the state court's imposition of a new sentence; and (3) trial counsel was ineffective in failing to more vigorously argue in favor of having the revocation proceedings dismissed. The matter was referred to a magistrate judge for initial proceedings pursuant to 28 U.S.C. § 636(b)(1). The magistrate judge issued a thorough and well-stated report and recommendation, recommending that the district court deny Klein's § 2241 habeas petition on the merits.[2] In particular, the magistrate judge concluded as follows: (1) Klein's suspended sentence had not expired at the time of its revocation; (2) Klein failed to demonstrate the prosecutor's actions unduly

---

[1]This court **grants** Klein's request to proceed on appeal in forma pauperis.

[2]In so doing, the magistrate judge recognized that this case raised serious questions as to whether Klein's claims were subject to a procedural default. The magistrate judge, however, chose to exercise her discretion to bypass the potentially complex issues of procedural default because claims raised in Klein's petition could be decided more easily and succinctly on the merits. *Romero v. Furlong*, 215 F.3d 1107, 1111 (10th Cir. 2000).

delayed the proceedings to impose sentence upon revocation of the suspended sentence and, in any event, he failed to demonstrate any prejudice flowing from the delay; and (3) Klein's cursory allegations utterly failed to demonstrate any deficiency in trial counsel's performance. Upon de novo review, the district court adopted the report and recommendation and denied Klein's petition.

A COA may issue if Klein "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing, he must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quotation omitted). In evaluating a request for a COA, it is not the role of this court to engage in a "full consideration of the factual or legal bases adduced in support of the claims." *Id.* Instead, this court undertakes "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each claim. *Id.* at 338. Klein is not required to demonstrate his appeal will succeed to be entitled to a COA. He must, however, "prove something more than the absence of frivolity or the existence of mere good faith." *Id.* (quotations omitted).

This court has reviewed Klein's appellate filings, the magistrate judge's report and recommendation, the district court's order, and the entire record on appeal pursuant to the framework set out by the Supreme Court in *Miller-El* and

concludes Klein is not entitled to a COA. The district court's resolution of Klein's petition is not reasonably subject to debate and the claims he seeks to raise on appeal are not adequate to deserve further proceedings. Accordingly, Klein has not "made a substantial showing of the denial of a constitutional right" and is not entitled to a COA. 28 U.S.C. § 2253(c)(2).

This court **DENIES** Klein's request for a COA and **DISMISSES** this appeal.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge