**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 11, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

EUGENE ROMERO,

      Petitioner-Appellant,

v.

PAMELA PLOUGHE; THE
ATTORNEY GENERAL OF THE
STATE OF COLORADO,

      Respondents-Appellees.

No. 12-1350

(D.C. No. 1:12-cv-00686-PAB)
(D. Colo.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **BRISCOE,** Chief Judge, **McKAY** and **HOLMES**, Circuit Judges.

---

Eugene Romero, a Colorado state prisoner appearing pro se, seeks a certificate of

appealability (COA) in order to challenge the district court's dismissal of his 28 U.S.C. §

2241 petition for federal habeas relief.[1]  Because Romero has failed to satisfy the

---

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.

[1] Romero styled his petition as an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  But, because his petition effectively challenged "the execution of [his] sentence" rather than its legality, the district court construed the petition as one under 28 U.S.C. § 2241.  ROA, Vol. 1, at 56.  Romero did not object to this construction of his petition in the district court, nor does he do so on appeal.  And we have no reason to question the propriety of the district court's construction.  See Montez v. McKinna, 208 F.3d 862, 865 (10th Cir. 2000) (discussing the differences between a § 2254 petition and a § 2241 petition).

standards for the issuance of a COA, we deny his request and dismiss the matter. We also deny his request to proceed in forma pauperis on appeal.

I

In 1986, Romero was convicted in Colorado state court of one count of second degree burglary, a class 3 felony under Colorado state law, one count of theft, a class 4 felony under Colorado state law, and five counts of being an habitual criminal. Romero was sentenced under Colorado's then-existing habitual criminal statute, Colo. Rev. Stat. § 16-13-101(2), to a term of life imprisonment. The imposition of that life sentence, under then-existing Colorado state law, rendered Romero ineligible to apply for or receive parole for a "period of forty years." Colo. Rev. Stat. § 17-22.5-104(2)(c).

In 1993, the Colorado legislature amended the habitual criminal statute. Under the amended statute, a person, like Romero, convicted of a felony in Colorado state court who "has been three times previously convicted . . . of a felony . . . shall be adjudged an habitual criminal and . . . punished for the felony offense of which such person is convicted by imprisonment . . . for a term of four times the maximum of the presumptive range pursuant to section 18-1.3-401 for the class of felony of which such person is convicted." Colo. Rev. Stat. § 18-1.3-801(2)(a).[2] Further, a person sentenced under the amended habitual criminal statute is "eligible for parole in accordance with [Colo. Rev. Stat. §] 17-22.5-403." Colo. Rev. Stat. § 17-22.5-104(2)(d)(II). For persons convicted of

---

[2] The cited statute, Colo. Rev. Stat. § 18-1.3-801(2)(a), was enacted in July 2002. But it accurately reflects the statutory language that was originally included in the 1993 amendment to the habitual criminal statute, Colo. Rev. Stat. § 16-13-101(2).

a class 3 or class 4 felony, like Romero, that means they "shall be eligible for parole after [they] ha[ve] served fifty percent of the sentence imposed upon [them], less any time authorized for earned time granted pursuant to [Colo. Rev. Stat. §] 17-22.5-405." Colo. Rev. Stat. § 17-22.5-403(1). Unfortunately for Romero, however, the Colorado legislature expressly provided that these amendments apply only to persons convicted of offenses committed on or after the effective date of the amendments. See People v. Gaskins, 923 P.2d 292, 298 (Colo. App. 1996) ("[W]e are not at liberty to ignore the General Assembly's explicit directive that the amendments to the habitual criminal statutes apply only to offenses committed on or after July 1, 1993.").

In 2010, Romero filed in Colorado state district court a petition for writ of habeas corpus alleging, in pertinent part, that the enactment of the amended habitual criminal statute violated the Equal Protection Clause because it imposed disparate penalties on two distinct classes of similarly situated habitual criminals. On August 17, 2010, the state district court issued an order denying Romero's petition on the merits. Romero appealed the state district court's order to the Colorado Supreme Court. On August 2, 2011, the Colorado Supreme Court issued a summary order affirming the judgment of the state district court.

Romero initiated these federal habeas proceedings on March 19, 2012, by filing a pro se application for writ of habeas corpus. The application alleged, in pertinent part, that the amended "habitual criminal statute violates [Romero's] constitutional rights because it does not serve a legitimate state interest, lacks a rational basis, and

3

intentionally discriminates between (1) persons sentenced under [the old habitual criminal statute] and (2) persons sentenced under [the amended habitual criminal statute]." Id. at 8.

Respondents filed a preliminary response notifying the district court that they did not "intend to raise either the affirmative defense of timeliness and/or exhaustion of state court remedies." Id. at 37. Respondents subsequently filed a response arguing that (1) the law in effect at the time Romero's underlying crimes was committed, i.e., the old habitual criminal statute, properly governed Romero's criminal sentence and parole eligibility, (2) the Colorado legislature expressly indicated that the amended habitual criminal statute was to apply prospectively only, (3) Romero "is not similarly situated to other criminal habitual offenders who committed offenses at different times under different statutory schemes," id. at 47, (4) "even if it were assumed that [Romero] w[as] similarly situated to other offenders who committed crimes at different times under different statutory schemes, [his] equal protection claim would merit a rational basis standard of review," id., and he could not prevail under that standard, id. at 48.

On August 6, 2012, the district court issued an order denying Romero's application on the merits. In doing so, the district court agreed with the reasoning set forth in respondents' response. The district court also noted, citing federal case law, that "[i]ndividuals who commit offenses at different times and who are subject to different sentencing schemes are not similarly situated for purposes of an equal protection analysis." Id. at 58. Lastly, the district court concluded that, even if Romero could

4

"satisf[y] the threshold requirement of disparate treatment, the disparity withstands rational basis review." Id. at 59. Specifically, the district court noted that "[t]he former and current habitual criminal statutes are rationally related to the legitimate purpose of punishing more severely offenders who show a propensity toward repeated criminal conduct," id. at 60, and "it was rational for the Colorado General Assembly to make the new statute prospective [only] because it would be costly and burdensome for the courts to re-sentence offenders who were properly sentenced under the applicable law at the time," id. at 60-61. Finally, the district court noted that, "because there is no constitutional or state statutory right to parole, [Romero] cannot show that he would be entitled to immediate release even if he were afforded parole eligibility under the new statute." Id. at 61. As part of its order denying Romero's application, the district court also denied Romero a COA.

Romero has since filed a timely notice of appeal, as well as an application for COA with this court.

II

Issuance of a COA is jurisdictional. Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). Thus, a state prisoner such as Romero may appeal from the denial of federal habeas relief under 28 U.S.C. § 2241 only if the district court or this court first issues a COA. 28 U.S.C. § 2253(c)(1)(A); see Montez v. McKinna, 208 F.3d 862, 867 (10th Cir. 2000) (holding that state prisoners proceeding under § 2241 must obtain a COA to appeal). We may issue a COA, however, only if Romero can make a "substantial

showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Such a showing requires Romero to demonstrate that "reasonable jurists could debate whether (or, for that matter agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

After reviewing Romero's pleadings and the record on appeal, we conclude that Romero has failed to make the necessary showing. "Equal protection is essentially a direction that all persons similarly situated should be treated alike." Price-Cornelison v. Brooks, 524 F.3d 1103, 1109 (10th Cir. 2008) (internal quotation marks omitted). By comparing himself to prisoners sentenced under Colorado's amended habitual criminal statute, Romero fails to state a cognizable equal protection claim because the comparison class of prisoners is simply not situated similarly to Romero. See McQueary v. Blodgett, 924 F.2d 829, 835 (9th Cir. 1991) (reaching similar conclusion with respect to equal protection claims brought by Washington state prisoner sentenced prior to implementation of state sentencing reform act). That is, the comparison class of prisoners committed their offenses after the effective date of, and thus were sentenced under, the amended habitual criminal statute. Romero, in contrast, committed his crimes prior to the enactment of the amended habitual criminal statute and thus was sentenced under the then-existing habitual criminal statute. See Williams v. Meyer, 346 F.3d 607, 616 (6th Cir. 2003) (noting that a state does not violate equal protection by applying different criminal justice and sentencing schemes to persons who committed their crimes at

6

different times).  Consequently, reasonable jurists cannot dispute that Romero's

application failed to establish a prima facie case of an equal protection violation.

The application for COA is DENIED and this matter is DISMISSED.  Romero's

motion to proceed in forma pauperis on appeal is DENIED.


Entered for the Court


Mary Beck Briscoe
Chief Judge


7