**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 12, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JAMES L. BROWN, SR.,

  Petitioner-Appellant,

v.

STATE OF KANSAS,

  Respondent-Appellee.

No. 12-3320
(D.C. No. 5:12-CV-03001-SAC)
(D. of Kan.)

## ORDER DENYING CERTIFICATE OF APPEALABILITY[*]

Before **BRISCOE**, Chief Judge, **ANDERSON**, and **TYMKOVICH**, Circuit Judges.[**]

James L. Brown, Sr., is a pretrial detainee in Sedgwick County jail in Wichita, Kansas. He was arrested on July 12, 2011 and charged with rape, indecent solicitation, and kidnaping, along with other offenses. Brown filed a *pro se* pleading titled as a "Motion to File a Complaint and Request a Hearing" in the district court. In his pleading, Brown also sought a federal investigation of his

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

claims that the arresting detective had lied in the affidavit supporting his arrest warrant. Because Brown is awaiting trial, the district court construed his motion as a petition for habeas corpus under 28 U.S.C. § 2241. The court dismissed Brown's petition without prejudice because he had not exhausted his state remedies and abstention from his state court prosecution was warranted under *Younger v. Harris*, 401 U.S. 37 (1971). After Brown filed a notice of appeal, the court granted Brown's motion to proceed on appeal *in forma pauperis* but issued no certificate of appealability (COA).

Brown now seeks a COA to enable him to appeal the district court's dismissal of his § 2241 petition. *See Montez v. McKinna*, 208 F.3d 862, 867 (10th Cir. 2000) (detainee must obtain COA to appeal denial of petition when detention arises out of state court proceeding). A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requires the applicant to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citation and internal quotation marks omitted). Brown is unable to make this showing.

Brown's claim is that the detective who arrested him lied in the affidavit supporting Brown's arrest warrant. Brown contends he requested in state court a

hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978), to determine the validity of the affidavit, but that the court has not granted his request. Brown also complains that he has received ineffective assistance of counsel because his counsel—due to criminal sex charges—allegedly had been disbarred at the time he represented Brown at his preliminary hearing.

Brown acknowledges the district court's ruling below that he must exhaust his state court remedies before seeking relief from the federal courts, but contends that he is unable to do so because all the motions he files in Sedgwick County Court are automatically sent to his attorney. Brown's apparent difficulty in obtaining relief from the state courts thus far does not satisfy the requirement that a petitioner must exhaust all state remedies before petitioning the federal courts. Brown will still be able to raise these alleged errors in his criminal proceedings at trial. In short, he has not satisfied the exhaustion requirement.

Because of Brown's failure to exhaust, we conclude that no reasonable jurist would debate how the district court resolved the matter. Accordingly, we DENY the request for a COA and DISMISS the appeal.

ENTERED FOR THE COURT

Timothy M. Tymkovich
Circuit Judge