FILED
United States Court of Appeals
Tenth Circuit

January 21, 2020

Christopher M. Wolpert
Clerk of Court

UNITED STATES COURT OF APPEALS

TENInth CIRCUIT

DARRIS COLTON THOMAS, JR.,

Petitioner - Appellant,

v.

PATRICK H. THOMPSON, Judge,
Saline County,

Respondent - Appellee.

No. 19-3275
(D.C. No. 5:19-CV-03235-SAC)
(D. Kan.)

ORDER DENYING CERTIFICATE
OF APPEALABILITY

Before **CARSON**, **BALDOCK,** and **MURPHY**, Circuit Judges.

Darris Colton Thomas, a Kansas state prisoner proceeding *pro se*, seeks to appeal the district court's dismissal without prejudice of his 28 U.S.C. § 2241 petition. The matter is before this court on his request for a certificate of appealability ("COA"). *See* 28 U.S.C. § 2253(c)(1)(A) (providing no appeal may be taken from a "final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court" unless the petitioner first obtains a COA); *Montez v. McKinna*, 208 F.3d 862, 869 (10th Cir. 2000) (holding § 2253(c)(1)(A) applies when a state habeas petitioner is proceeding

under § 2241).  Because Thomas has not made a "substantial showing of the denial of a constitutional right," this court **denies** his request for a COA and **dismisses** this appeal.  28 U.S.C. § 2253(c)(2).

Thomas, who is currently incarcerated in the Saline County Jail following a criminal conviction in Kansas state court, filed the underlying § 2241 petition to challenge a detainer lodged against him under the Kansas Sexually Violent Predator Act ("KSVPA"), Kan. Stat. Ann. § 59-29a01 to 59-29a27.[1]  The district court noted that an action concerning Thomas's potential commitment under the KSVPA is currently pending in Kansas state court.  Accordingly, shortly after the case was opened, the district court issued an order to Thomas to show cause why the matter should not be dismissed for failure to exhaust state court remedies.  *See Montez*, 208 F.3d at 866 (holding that a state prisoner seeking federal habeas corpus relief under § 2241 must exhaust available state remedies).  After receiving Thomas's  response, the district court dismissed the matter without prejudice because Thomas did not offer any reason to excuse him from the exhaustion requirement.  Thomas appeals.

---

[1]The KSVPA establishes procedures for the civil commitment of persons who, due to a "mental abnormality" or a "personality disorder," are likely to engage in "predatory acts of sexual violence."  Kan. Stat. Ann. §§ 59-29a01 to 59-a27.  For an extensive discussion of how the KSVPA operates, see *Kansas v. Hendricks*, 521 U.S. 346 (1997).

A COA may issue if Thomas "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing, he must demonstrate "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or . . . the issues presented were adequate to deserve encouragement to proceed further. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quotation omitted). Thomas has failed to make the requisite showing. The district court's without-prejudice dismissal of Thomas's § 2241 petition is indisputably correct. Thomas did not offer the district court any reason excusing his failure to exhaust his state court remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992) (holding that it is a habeas petitioner's burden to show he is excused from exhausting available state court remedies). Nor, to the extent we can understand them, do his appellate filings excuse his failure to exhaust. This is especially true given the comprehensive nature of the civil commitment proceedings mandated by the KSVPA. *See* Kan. Stat. Ann. §§ 59-29a01 to 59-a27; *Kansas v. Hendricks*, 521 U.S. 346 (1997); *see also Miranda*, 967 F.2d at 398 ("[T]o satisfy the exhaustion requirement, a federal habeas corpus petitioner must show that a state appellate court has had the opportunity to rule on the same claim presented in federal court or that at the time he filed his federal petition, he had no available state avenue of

redress." (citation omitted)).  Thus, this court **DENIES** Thomas's request for a

COA and **DISMISSES** this appeal.

ENTERED FOR THE COURT

Michael R. Murphy
Circuit Judge