FILED
United States Court of Appeals
Tenth Circuit

October 2, 2020

Christopher M. Wolpert
Clerk of Court

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT
_____

JOSEPH A. HARRIS,

    Petitioner - Appellant,

v.

MICHAEL PACHECO, Warden,
Wyoming State Penitentiary,

    Respondent - Appellee.

No. 20-8011
(D.C. No. 2:19-CV-00193-NDF)
(D. Wyo.)

_____

### ORDER AND JUDGMENT[*]
_____

Before **HARTZ**, **McHUGH**, and **EID**, Circuit Judges.
_____

Joseph A. Harris, a Wyoming state prisoner representing himself, seeks to appeal the district court's dismissal of his application for relief under 28 U.S.C. § 2241. We deny his request for a certificate of appealability (COA) and dismiss that aspect of the matter. Aside from seeking a COA, Mr. Harris appeals the district court's order denying his motion to appoint counsel, and we affirm that order.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

I.  Background

In 1999 a Wyoming state court sentenced Mr. Harris to serve between 22 and 40 years in prison.  He eventually was placed in a community-corrections facility.  In 2015, however, he left the facility and did not return; after surrendering in North Carolina, he was extradited back to Wyoming.  On April 30, 2015, he was found guilty of escape under the prison disciplinary code.  He pursued an administrative appeal but the conviction was upheld on July 21, 2015.  On March 21, 2017, the Wyoming parole board ordered that based on his escape he is ineligible for parole on the sentence he was serving when he escaped.

On February 26, 2018, Mr. Harris petitioned for a writ of habeas corpus in a Wyoming state court.  The court dismissed the petition on April 4, 2019.

In September 2019, Mr. Harris filed his § 2241 application.  He asserted that his 2015 disciplinary proceeding violated his due-process rights because (1) no one told him that an escape conviction would render him ineligible for parole, (2) no one brought him before a court without unnecessary delay, (3) the disciplinary sergeant was not neutral, and (4) he lost good time that the sentencing judge had granted.[1]  Mr. Harris also alleged that the Wyoming parole board had granted parole to at least

_____

[1] Mr. Harris's good-time claim is unclear.  His application says that the Wyoming Attorney General has not "contented [sic] anything about the [Wyoming State Penitentiary] adding time to Mr. Harris' incarceration by removing Good time granted by the judge during his sentencing which the disciplinary involved has done."  R. at 13.  The district court reasonably construed this to allege "the disciplinary proceeding added time to his incarceration by the removal of good time credit."  R. at 123.

six other prisoners who were statutorily ineligible, an allegation that the district court construed as an equal-protection claim. After denying Mr. Harris's motion to appoint counsel, the district court dismissed the due-process claims with prejudice, concluding that they are barred by the statute of limitations. And it dismissed the equal-protection claim without prejudice after allowing Mr. Harris to amend his application to provide additional essential information.

## II. Discussion

### A. COA

A state prisoner seeking to appeal a district court's denial of a § 2241 application must obtain a COA before we may consider the merits of the appeal. *See Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); *Montez v. McKinna*, 208 F.3d 862, 869 (10th Cir. 2000). We may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires a petitioner to "show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (brackets and internal quotation marks omitted). When a district court denies a habeas petition on procedural grounds, however, the petitioner must show that reasonable jurists could debate not only whether the petition states a valid constitutional claim but also whether the district court's procedural ruling is correct. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

3

Reasonable jurists could not debate the propriety of the district court's procedural ruling on Mr. Harris's due-process claims. His § 2241 claims are subject to a one-year statute of limitations. *See Burger v. Scott*, 317 F.3d 1133, 1138 (10th Cir. 2003). This one-year period begins to run, as relevant here, on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). Although Mr. Harris's due-process claims arise from his 2015 disciplinary hearing, the district court determined that one of the claims—the one alleging that no one told him an escape conviction would make him ineligible for parole—could have accrued as late as March 21, 2017, when he learned he is ineligible for parole. The district court correctly concluded that a pending state habeas proceeding tolled the statute of limitations from February 26, 2018, through April 4, 2019. *See* 28 U.S.C. § 2244(d)(2). And it further correctly concluded that after the state-court proceeding ended on April 4, 2019, Mr. Harris had 24 days remaining to file his application. Mr. Harris did not file his § 2241 application, however, until September 2019.

Mr. Harris's tolling arguments cannot save his due-process claims from the statute of limitations. He argues that the district court did not receive motions in which he described circumstances that entitle him to equitable tolling from February 2, 2016, until July 14, 2016. In addition, he says, he pursued administrative remedies for his escape conviction, a pursuit that further tolled the limitations period. He concludes, then, that his claims did not accrue until March 21, 2017. But as we

4

explained, even if his due-process claims did not accrue until March 21, 2017, they are still barred by the statute of limitations.[2]

Nor could reasonable jurists debate whether the district court correctly dismissed Mr. Harris's equal-protection claim. To prevail on his class-of-one equal-protection claim, Mr. Harris must show that others "similarly situated in every material respect were treated differently." *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1216 (10th Cir. 2011) (internal quotation marks omitted). A Wyoming prisoner is ineligible for "parole on a sentence if, while serving that sentence," the prisoner has assaulted with a deadly weapon any officer, employee, or inmate of an institution; or escaped, attempted to escape, or assisted others to escape. Wyo. Stat. Ann. § 7-13-402(b). The parole board determines whether an inmate has committed a disqualifying act. Wyo. Bd. of Parole Policy and Procedure Manual, 36, § II.C.1 (2018). The district court gave Mr. Harris an opportunity to amend his application to satisfy the similarly-situated requirement by providing for the allegedly paroled prisoners "at least each person's criminal history, disciplinary history, length of time served before parole, mental health needs or risks, educational

---

[2] The district court did not specifically decide when Mr. Harris's good-time claim accrued. To the extent he asserts that his loss of good time violated his due-process rights, he appears to argue that this violation occurred during the 2015 disciplinary proceeding. R. at 13 (asserting that "the disciplinary [proceeding] involved" the removal of good time that a judge had granted). And Mr. Harris did not allege in his application, or in his submissions to us, that this claim accrued later than July 21, 2015, when his disciplinary conviction was upheld, let alone later than March 21, 2017, when the parole board ordered that he is ineligible for parole. Reasonable jurists could not debate whether the court correctly dismissed that claim as untimely.

5

or programming achievements, and date of parole." R. at 178 (internal quotation marks omitted). Yet Mr. Harris's amended application does not allege such facts or any facts showing that any of the six inmates with whom he compares himself was determined by the parole board to have committed a disqualifying act and was nevertheless granted parole on the sentence he was serving when he committed the act. Because Mr. Harris's amended application does not allege facts showing he is similarly situated to any of the six inmates, he has not made a substantial showing of an equal-protection violation. *See Kansas Penn Gaming*, 656 F.3d at 1216. Mr. Harris complains that the information required by the district court was not available to him. But it would have been improper for the court to speculate about those matters. And the court's dismissal was without prejudice.

## B. Motion for Counsel

Mr. Harris does not need a COA to appeal the district court's order denying his motion for counsel. *See Harbison v. Bell*, 556 U.S. 180, 183 (2009). The district court denied his motion after considering the facts that Mr. Harris alleged, the legal arguments, and the stage of the case. "The decision to appoint counsel is left to the sound discretion of the district court." *Engberg v. Wyoming*, 265 F.3d 1109, 1122 (10th Cir. 2001). We see no reason to disturb the district court's decision, especially given our assessment of the merits of Mr. Harris's claims.

III.  Conclusion

We deny Mr. Harris's request for a COA, affirm the district court's order declining to appoint counsel, and dismiss the balance of this matter.


Entered for the Court


Harris L Hartz
Circuit Judge