**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 20, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

CHARLES C. ASHFORD,

    Petitioner - Appellant,

v.

SCOTT CROW, Director,

    Respondent - Appellee.

No. 20-6077
(D.C. No. 5:20-CV-00316-F)
(W.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **MATHESON**, **KELLY**, and **EID**, Circuit Judges.
_____

Petitioner-Appellant Charles Ashford, a state inmate appearing pro se, seeks a

certificate of appealability (COA) from the district court's dismissal of his 28 U.S.C.

§ 2241 petition challenging the execution of his sentence. See 28 U.S.C. § 2253; Montez

v. McKinna, 208 F.3d 862, 867 (10th Cir. 2000) (COA required for state § 2241

petitioners). To obtain a COA, Mr. Ashford must make "a substantial showing of the

denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has

rejected the constitutional claims on the merits . . . [t]he petitioner must demonstrate that

_____

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 528 U.S. 473, 484 (2000).

In 1997, Mr. Ashford was convicted in Oklahoma state court of sexual abuse of a minor child and sentenced to life imprisonment. In March 2020, Mr. Ashford filed this § 2241 petition. He maintains that, at the time of his conviction, Oklahoma law treated a life sentence as a sentence of 45 years' imprisonment. He also argues that because his life sentence should be treated as a 45-year sentence under *ex post facto* principles, he is entitled to the application of earned credits. Upon recommendation of a magistrate judge, the district court adopted the conclusions of the magistrate judge that: (1) at the time of Mr. Ashford's conviction, Oklahoma did not construe life sentences as a sentence for 45 years' imprisonment; and (2) he is not entitled to the application of earned credits. Ashford v. Crow, CIV-20-316-F, 2020 WL 2516580 (W.D. Okla. May 15, 2020), adopting 2020 WL 2516188 (April 23, 2020). The district court also denied Mr. Ashford's request for an evidentiary hearing. *Id.*

On appeal, he argues that a 45-year sentence is for discharge, not merely parole eligibility. He further argues that the district court abused its discretion in not holding an evidentiary hearing and in denying a COA because it made a merits determination rather than merely assessing whether his claims were reasonably debatable.

The district court's disposition is not reasonably debatable. Contrary to Mr. Ashford's assertions and as recognized by the district court and magistrate judge, Oklahoma law does not automatically treat a life sentence as a sentence to a term of 45 years, but rather uses 45 years as a benchmark to determine when an inmate serving a life

2

sentence may become eligible to be *considered* for parole.  <u>Taylor v. State</u>, 248 P.3d 362, 378 (Okla. Crim. App. 2011); <u>see also</u> Okla. Stat. tit. 57, § 332.7(a).  Moreover, Oklahoma law is clear that a prisoner serving a life sentence is not eligible for the application of earned credits.  Okla. Stat. tit. 57, § 138(A).

We DENY a COA, deny the motion to proceed IFP, and DISMISS the appeal.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge