**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**January 3, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

_____

AMINU INUWA,

    Petitioner - Appellant,

v.

LONNIE LAWSON, Warden,

    Respondent - Appellee.

No. 21-6115
(D.C. No. 5:21-CV-00440-C)
(W.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **MATHESON**, **BRISCOE**, and **PHILLIPS**, Circuit Judges.
_____

Aminu Inuwa, a state prisoner proceeding pro se,[1] petitioned for relief under

28 U.S.C. § 2241.  The district court adopted the magistrate judge's recommendation to

dismiss the petition without prejudice.  To appeal this ruling, Mr. Inuwa seeks a

certificate of appealability ("COA") under 28 U.S.C. § 2253(c)(1)(A).  *See Montez v.*

*McKinna*, 208 F.3d 862, 867-68 & n.6 (10th Cir. 2000) (a state prisoner bringing a

§ 2241 claim must obtain a COA before being heard on the merits of the appeal).

Exercising jurisdiction under 28 U.S.C. § 1291, we deny a COA and dismiss the matter.

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Mr. Inuwa appears pro se, "we liberally construe his filings, but we will not act as his advocate."  *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).

## I.  BACKGROUND

Mr. Inuwa is serving a 23-year sentence for his 2007 convictions for robbery with a firearm and possession of a firearm by a convicted felon.  In his § 2241 petition, he claimed the warden's failure to apply earned good-time credits to his sentence violated the Fifth and Fourteenth Amendments to the Constitution.

The magistrate judge held that Mr. Inuwa had no due process liberty interest in earned credits because they may not be applied to his sentence for robbery with a firearm under Oklahoma law until April 10, 2026, when he will have served 85 percent of his sentence.  *Inuwa v. Lawson*, 2021 WL 3892751, at *1-2 (W.D. Okla. July 28, 2021); *see* Okla. Stat. tit. 21, § 13.1(8).  The magistrate judge recommended dismissal without prejudice because, without a liberty interest, Mr. Inuwa has not suffered a due process violation.  *Inuwa*, 2021 WL 3892751, at *2.

The district court adopted the recommendation and dismissed this matter without prejudice.  *Inuwa v. Lawson*, 2021 WL 3906984 (W.D. Okla. Aug. 31, 2021).  It also denied a COA.  Dist. Ct. Doc. at 23.

## II.  DISCUSSION

To obtain a COA, a petitioner generally must make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), by "showing that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotations omitted).

In his brief, Mr. Inuwa argues that amendments to Oklahoma law in 2015 show he has a liberty interest in his earned credits. Aplt. Br., Attachment at 1, 3, 4, 6, 8 n.1. The district court rejected this argument, stating Mr. Inuwa "does not identify what law changed, and the Court's research has uncovered no change in [the] laws cited by Petitioner that would alter the result reached by [the magistrate judge]." *Inuwa*, 2021 WL 3906984, at *1. Here, Mr. Inuwa again does not point to a specific change in the statute that would alter the result.

Okla. Stat. tit. 21, § 13.1(8) provides that

> Persons convicted of . . . [r]obbery with a dangerous weapon . . . shall be required to serve not less than eighty-five percent (85%) of any sentence of imprisonment imposed by the judicial system prior to becoming eligible for consideration for parole. Persons convicted of [this offense] shall not be eligible for earned credits or any other type of credits which have the effect of reducing the length of the sentence to less than eighty-five percent (85%) of the sentence imposed.

In a footnote at the end of his brief, Mr. Inuwa states, "In approx. 2015, in an effort to reduce prison overcrowding, at the behest of former Oklahoma Gov. Mary Fallin[,] Okla. Stat. tit[.] 21 § 13.1 was amended by the Okla. State Legislature making certain crimes eligible to receive earned sentence credits." Aplt. Br., Attachment at 8 n.1. But according to the Oklahoma Statutes Annotated (2018 and 2021 Cum. Suppl.), the only amendments in 2015 were to §§ 13.1(10) and 13.1(16), not § 13.1(8), and those amendments did not affect the 85 percent language.

Also in his brief, Mr. Inuwa quotes from an Oklahoma Department of Corrections provision on sentence administration, which appears under the heading "Conditions

3

Where Credits Are Restricted or Not Awarded" and tracks the statutory language quoted above:

> Effective March 1, 2000, 21 O.S., Section 13.1 provided that inmates who are convicted of certain crimes must serve eighty-five percent (85%) of their sentence of imprisonment before becoming eligible for parole consideration and shall not be eligible for earned credits or any other type of credits which have the effect of reducing the length of the sentence to less than 85% of the sentence imposed. Therefore inmates serving a sentence for any of the crimes listed below committed on or after March 1, 2000 are eligible to earn credits during the first 85 [percent] of the sentence; however, said credits will not be applied towards the sentence until the inmate has served 85% of said sentence.

Oklahoma Department of Corrections, "Sentence Administration, Section-06 Classification and Case Management, OP-060211" II.D.1.c. (effective date Oct. 15, 2020) (attached to Appellant's brief). The provision then lists the "affected crimes," which include "Robbery with a Dang. Weapon, 21 O.S. § 801 (eff. 3/1/2000)," *id.*, one of Mr. Inuwa's conviction offenses.

This administrative provision does not help Mr. Inuwa. It states that he "shall not be eligible for earned credits or any other type of credits which have the effect of reducing the length of the sentence to less than 85% of the sentence imposed." This passage is consistent with the district court's conclusion that he lacks a state-law-recognized liberty interest. But even if the statute and administrative provision could be read to establish a liberty interest in earned credits, the next passage of the administrative provision shows Mr. Inuwa has not been deprived of them: "Therefore inmates serving a sentence for any of the crimes listed below committed on or after March 1, 2000 are

eligible to earn credits during the first 85 [percent] of the sentence; however, said credits will not be applied towards the sentence until the inmate has served 85% of said sentence."

Mr. Inuwa argues that "even if the credits are withheld until 85% completion and as the Court[']s [r]uling seems to infer, the fact still remains that a 'deprivation' is still imminent and will occur because these credits are a vested right, due to the fact petitioner has earned them in accordance with the law(s)." Aplt. Br., Attachment at 6-7. This argument fails because the administrative provision states only that "credits will not be applied . . . until the inmate has served 85% of said sentence," and Mr. Inuwa has made no showing that, once he has served 85 percent of his sentence, his earned credits will not be applied. He thus has not shown an imminent deprivation, let alone a deprivation at all that would constitute a violation of his due process rights. *See* U.S. Const. amend. XIV, § 1 (prohibiting deprivation of a liberty interest).

## III. **CONCLUSION**

For the foregoing reasons, we conclude that Mr. Inuwa has not demonstrated that reasonable jurists would debate the correctness of the district court's rejection of Mr. Inuwa's due process claim and its dismissal of his § 2241 petition. We therefore deny his request for a COA and dismiss this matter. We also deny his request to proceed *in forma pauperis*.

Entered for the Court

Scott M. Matheson, Jr.
Circuit Judge

5